[L. A. No. 9499. Department One.—November 23, 1928.]

WIRT CLAY WILLIAMS et al., Respondents, v. JOHN A. GORDON et al., Appellants.

Ray Howard for Appellants.

L. G. Shelton for Respondents.

CURTIS, J.—Action to foreclose mortgage. Judgment in favor of plaintiffs from which two of the defendants, John A. and Clara H. Gordon, appeal. Said defendants, the appellants herein, appeared in said action and filed an answer to the complaint. The plaintiffs thereupon moved to strike out portions of said answer on the ground that the same were sham, irrelevant, and immaterial, and also filed a demurrer to said answer on the ground that it failed to set forth facts sufficient to constitute any defense to plaintiffs' cause of action. The court granted said motion and sustained said demurrer. Upon said defendants' failure to file any further or amended answer, their default was entered and later judgment was given against them by default. They now claim on this appeal that the trial court erred in granting plaintiffs' motion to strike out portions of said answer and in sustaining the demurrer to their answer, for the reason that said answer stated facts which, if true, were sufficient to constitute a valid defense to plaintiffs' cause of action.

■ The note secured by said mortgage was dated September 20, 1924, and was payable on or before three years after date. It provided that the interest should be paid quarterly, "and if not so paid, it shall become part of the principal, and bear the same rate of interest as the principal; and should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note." The quarterly installments of interest falling due on December 20, 1925, and March 20, 1926, were not paid, and the action was begun April 28, 1926. The first defense set up in the answer is that defendants' failure to pay said installments of interest was due to the fault of the bank, with which said note and mortgage had been deposited, in neglecting to send the usual notice that an installment of interest was about to fall due; that all parties to said mortgage intended that the interest should be paid in the usual course of business and according to the custom prevailing in that locality, which is alleged to be that the note should be deposited in the bank where it was made payable, and that the bank should send such notice a reasonable time before each installment became due; and that plaintiffs so deposited said note and mortgage and the bank failed to send any notice regarding either of said installments of interest. These facts constituted no defense to said action. There was nothing in either the note or mortgage which gave defendants any right to notice of the time when the installment of interest would fall due, and the terms of the note and mortgage must govern and determine the rights of the parties thereto.

■ Neither is there any merit in that part of the answer in which the defendants deny that plaintiffs elected to declare the principal due. The commencement of the action is sufficient in itself to show such election. (*Bank of Commerce* v. *Scofield,* 126 Cal. 156 [58 Pac. 451] ; *Trinity County Bank* v. *Haas,* 151 Cal. 553 [91 Pac. 385].)

■ It was next alleged in the answer that the plaintiffs were indebted to said defendants on an unliquidated demand amounting to $299, which amount was more than the amount of said two delinquent installments of interest, and that said demand was the subject of another suit in a justices' court between said parties at the time said two installments of

interest became due. These facts were not sufficient to constitute a defense to said action. Especially is that true when the allegations of the answer further show that the suit in the justices' court resulted finally in a judgment of $26 only in favor of said defendants, and that said judgment was a judgment for costs rendered in said action, it being alleged that the defendants herein were defendants in said action, and that said defendants, who had filed a cross-complaint upon their said claim for $299, failed to recover anything whatever on said claim.

■ It is finally alleged by defendants in their said answer that they tendered to plaintiffs the full amount of said two installments of interest together with compound interest thereon, but that the same was refused. It appears, however, from said answer that this tender was made after this action had been commenced. It needs no citation of authority to show that such a tender could be of no avail to defendants. Defendants bitterly complain that the institution of this action is the result of ill feeling on the part of plaintiffs toward defendants arising from the controversy between said parties in said justices' court action. With this complaint this court cannot concern itself. It would appear, however, that a complete answer to such charge appears in the record which shows that no steps were taken by plaintiffs to foreclose their mortgage until more than a month after the second quarterly installment of interest had become delinquent, and that more than four months intervened between the time the first delinquent installment of interest fell due, after which plaintiffs might have exercised their option to declare the whole note due and have brought this action, and the date when this action was in fact commenced. A forbearance of over four months by plaintiffs may well be considered sufficient to absolve them from the charge that they were actuated by ill will or malice in the institution of this action. ■ However, we are not disposed to penalize the appellants, as suggested by respondents, by reason of an appeal which, without any strained construction of the law or the facts, might well be held to be frivolous. Had notice been given appellants of the delinquency of said interest within a reasonable time before suit was brought they might, and probably would, have paid the same, as they had paid all previous installments of interest.

The only notice appearing in the record to have been given appellants was one sent them by the attorneys for respondents, which was sent one day previous to the filing of the complaint herein. The next morning the appellants sought out the respondent Wirt Clay Williams, and actually delivered to him the full amount of interest due, but said respondent refused to accept the same as payment of said interest, and thereafter the money so delivered to said respondent was by his attorney thereafter returned to appellants, as this action had been commenced prior to the delivery of said money to said respondent. This somewhat hasty procedure on the part of respondents, while it does not offer any defense to their maintenance of this action, should not be encouraged by the courts, and we refuse to do so.

Judgment affirmed.

Preston, J., and Seawell, J., concurred.