[L. A. No. 13941.  In Bank.—March 21, 1934.]

TITLE GUARANTEE AND TRUST COMPANY (a Corporation), Respondent, v. FRATERNAL FINANCE COMPANY (a Corporation), Appellant.

Van Lee Hood and Tudor Gairdner for Appellant.

Robert M. Porter for Respondent.

CURTIS, J.—This is an appeal from a judgment based upon an order striking out the answer of the appellant on

the ground that the same was sham and irrelevant and granting plaintiff's motion for judgment on the pleadings. The action was to foreclose a mortgage given to secure a promissory note executed by the appellant, the Fraternal Finance Company, in the sum of $100,000, no part of which has been paid, except the sum of $5,000. According to the complaint, the interest on the promissory note due February 28, 1932, had not been paid. The complaint was filed April 18 1932. The answer of the appellant contains various denials and an affirmative allegation that the plaintiff had extended the due date of said promissory note from August 30, 1931, to August 30, 1934. Respondent contends that each and every one of the allegations of the answer is sham and irrelevant and that its motion for judgment on the pleadings was properly granted. ■■ Appellant evidently has abandoned any reliance upon the denials contained in its answer and rests its case solely upon the affirmative allegation contained therein as to the extension of the time of payment of said promissory note. We make this last statement for the reason that appellant in its brief makes no attempt to show that any allegation of its answer, except the affirmative allegation above referred to, raised a material issue upon which appellant was entitled to a trial. Appellate courts will notice only those assignments pointed out in the brief of an appellant, all others are deemed to have been waived or abandoned. (*Mayne* v. *San Diego Elec. Ry. Co.*, 179 Cal. 173, 179 [175 Pac. 690]; *Roberts* v. *Krafts*, 141 Cal. 20, 25 [74 Pac. 281]; 2 Cal. Jur., p. 728.)

■■ As to the affirmative allegation in appellant's answer to the effect that the payment of said promissory note had been extended for a period of three years, the record shows that the promissory note sued upon contained the usual provision that "should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note". In the complaint it was alleged that "no interest has been paid upon said note and mortgage, except interest to August 30, 1931, and that in accordance with the terms thereof interest is payable semi-annually and a default has occurred in the semi-annual payment due February 28, 1932". It will thus

be seen that even if the due date of said promissory note had been extended as claimed by appellant from August 30, 1931, to August 30, 1934, still the appellant was in default in the payment of the semi-annual installment of interest due February 28, 1932. Respondent, therefore, was entitled to institute foreclosure proceedings upon said note and mortgage immediately after said default in the payment of said interest installment, and this would be so even if the maturity of said note had been extended to August 30, 1934. The allegation therefore of the answer as to the extension of the time of payment of the principal of said note was of an immaterial fact and presented no defense whatever to the action of foreclosure. The allegation was clearly irrelevant.

While there is no allegation in the complaint that plaintiff exercised its option to declare the principal sum of said promissory note due and payable, such allegation was not necessary. It has been repeatedly held that the commencement of the action itself is sufficient to show the exercise of such option. (*Williams* v. *Gordon,* 205 Cal. 590, 592 [271 Pac. 1070].)

We are therefore of the opinion that the answer raised no material issue upon which appellant was entitled to a trial and that the order of the trial court granting respondent's motion for judgment on the pleadings was properly granted.

The judgment is affirmed.

Preston, J., Shenk, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.