[Civ. No. 7995. Third Dist. Nov. 7, 1951.]

JACK P. MESSNER, Respondent, v. R. V. MALLORY et al.,
Appellants.

L. C. Smith for Appellants.

Tebbe & Correia for Respondent.

PEEK, J.—This is an appeal by defendants from a judgment in favor of plaintiff in an action on a promissory note.

By his complaint plaintiff alleged that on July 31, 1949, defendants executed and delivered 'to him their promissory note; that default had been made in the payment due June 1, 1950, and that he elected under the terms of the acceleration clause of the note to cause the entire balance to be due and payable.

Said provision reads as follows:

"AND WE FURTHER AGREE that in case of default in the payment of any of said installments in the manner aforesaid, then such installments shall bear interest from the date of maturity until the date of payment at the same rate as the principal sum; and at any time during such default the entire unpaid balance of said principal sum and the interest thereon, shall at the option of the holder of this note be due and payable, of which election notice is hereby expressly waived.

R. V. MALLORY
R. K. THOM"

Defendants by their answers admitted the execution of the note and by way of defense alleged the execution of the written agreement between the parties whereby plaintiff, as the retiring partner, agreed to sell to defendants, his former partners, his interest in the M. & M. Chevrolet Company, for the sum of $35,000, payable $10,000 upon the execution of the agreement and the balance to be evidenced by "A Promissory Note in the amount of Twenty-five Thousand ($25,-000.00) Dollars to be executed by the Continuing Partners to the order of the Retiring Partner and delivered to the Retiring Partner upon the execution of this contract, which Promissory Note shall provide for installment payments of Four Hundred ($400.00) Dollars a month or more, including principal and interest, commencing on the 1st day of September, 1949, and on the first day of each and every month thereafter, with interest on unpaid balances at the rate of four (4%) per cent per annum until paid." Defendants also allege that any provision in the note contrary to the portion of the agreement above quoted was a mistake and not known or suspected by defendants. As a further defense it is alleged that defendants have performed all of the terms, covenants and conditions of said agreement, and that plaintiff by accepting past due payments was thereby estopped from asserting or demanding precise performance; that defendants are ready, willing and able to make the monthly payments as provided

for in said agreement and that said payments have been tendered to plaintiff but that the same have been refused. In this connection defendants specifically asked to be relieved from any default and to make full compensation to plaintiff for any injury which may have resulted from such delay. Lastly, the defendants sought to have the promissory note reformed upon the ground that the provisions thereof are contrary to the agreement.

The cause proceeded to trial before the court and at the conclusion thereof findings were made favorable to plaintiff, and judgment was entered accordingly. It is from the judgment so entered that the defendants now appeal, contending: (1) that the exercise by plaintiff of the right given to him under the acceleration clause amounted to a forfeiture; (2) that by virtue of the provisions of Civil Code, section 3275, the court erred in failing to relieve them of their default; (3) that plaintiff by the acceptance of past due payments waived his right to declare a default and is now estopped to do so, and (4) that the court erred in failing to reform the contract as requested by defendants.

The essential facts relative to the monthly payments were that it was the practice of each defendant to send to plaintiff a separate check representing his share of such payment. Mallory always made his payment on time but Thom's payment was late for five of the nine months the contract was in existence. Mallory's check for the June payment was received prior to the due date thereof. On June 5, 1950, plaintiff mailed a letter to defendants declaring that the entire balance was due and payable. Subsequently, on the 7th of the month plaintiff refused Thom's tender of his check in the sum of $200, and on the same day returned to Mallory his check in a like amount.

In support of their first contention appellants argue that if under the circumstances plaintiff could declare the entire unpaid balance to be due then defendants would be compelled to forfeit "valuable property rights" to an extension of credit as represented by the note.

We find no merit in this contention. While it is true that the note did represent an extension of credit by plaintiff to defendants, no question of forfeiture is involved. This is not a case where a seller seeks to retain what has been paid under a contract of sale and in addition seeks a return of the property which was the subject of the sale. As stated in the case

of *Harris* v. *Kessler*, 124 Cal.App. 299, at page 302 [12 P.2d 467]:

"A provision in an agreement for accelerated maturity is not in the nature of a penalty or forfeiture, but simply an agreement as to the time when a debt shall become due and enforceable according to its terms. Such an agreement is a lawful one which the parties may enter into and when they do so the conditions will be enforced by courts of equity. No forfeiture is involved in such act and no penalty imposed. Plaintiff is not asking for anything that has been paid under the contract by way of forfeiture, but is simply refusing to extend the credit for the reason that defendant has failed to comply with his contract. The situation is entirely different from an agreement of sale wherein, upon failure of payment of an installment, the vendor is attempting to retain payments made and also the property itself, the subject of the sale."

Since we conclude, as did the trial court, that the question of forfeiture is not involved, appellants' second and third contentions, which are predicated solely, and necessarily so, upon such a theory, are entirely without support, and therefore any further discussion thereof becomes wholly unnecessary.

Appellants contend that the trial court erred in refusing to reform the promissory note by striking therefrom the acceleration clause. The applicable section 3399 of the Civil Code provides that a contract may be reformed or revised when it does not truly express the intentions of the parties due to one of the following circumstances: (1) fraud, (2) mutual mistake of the parties, or (3) a mistake of one party which the other at the time knew or suspected. On each of these three possible grounds for reformation, the findings of the trial court were adverse to appellants. ■ The only question then is whether or not there is evidence to sustain the court's findings that there was neither fraud nor mistake on the part of either of the parties in the insertion in the note of the acceleration clause. The opening brief of appellants contains a statement that counsel has no knowledge of, nor has he been able to find any evidence to dispute his contention that the acceleration clause was included in the note without defendants' knowledge or consent; that defendants inadvertently signed the same and did not discover their error until plaintiff declared the unpaid balance to be due and payable. In this regard suffice it to say that our examination of the record has disclosed substantial evidence to the contrary. And although the testimony of Messner and his wife sharply

conflicts with that given by the defendants, the findings of the trial court, being supported by substantial evidence, must be sustained on appeal. (*Baines* v. *Zuieback*, 84 Cal.App. 2d 483, 488 [191 P.2d 67].) Appellants further argue that the agreement of sale of the partnership interest sets forth all of the terms intended by the parties to be contained in the promissory note, and that the note here sued upon is not in conformity with that agreement as respects the acceleration clause. We cannot agree with such an interpretation of the agreement. It provides only the amount of the note, the interest rate, and the amount and due date of the installment payments on the note. The agreement does not purport either to provide or to limit the relief which may be afforded the obligee in the event of a default in payments on the note or does it in any way preclude the acceleration clause set forth in the note. In any event to justify a court in decreeing the reformation of an instrument upon the grounds of mistake, "the proof of the mistake must be clear, convincing, and satisfactory to the court." (*Baines* v. *Zuieback*, *supra*, at p. 488.) It is quite obvious that the evidence relied upon by appellants was neither clear, convincing, or satisfactory to the trial court. Furthermore no fraud whatsoever was shown. The most that appellants' evidence could establish was that they alone, through negligence, failed to familiarize themselves of the contents of the note. A contract cannot be reformed because of the mistake of but one party. (*Miller* v. *Lantz*, 9 Cal.2d 544, 548 [71 P.2d 585].)

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.