[Civ. No. 6914. Fourth Dist. Jan. 22, 1963.]

L. R. GREEN, Plaintiff and Respondent, v. C. W. CARL-STROM, Defendant and Appellant.

---

*Formerly Rules on Appeal, rule 26(a).

Rubin, Seltzer & Solomon, Herbert J. Solomon and Ira D. Riskin for Defendant and Appellant.

Gray, Cary, Ames & Frye, John M. Cranston and Dorothy H. Belkin for Plaintiff and Respondent.

MONROE, J. pro tem.*—The complaint in this action was filed July 14, 1961 and shows on its face that it was prepared for filing the previous day.

Plaintiff sought to recover upon a note dated November 10,

*Assigned by Chairman of Judicial Council.

1960, in the amount of $245,000, payable to James M. Banister and Helen G. Banister, and which provided for payments of $750 per month, payable on the 11th day of each calendar month. After the first three years the amount of the monthly payments was to increase. The note is dated at San Diego, California, but otherwise no place of payment is specified.

■ Plaintiff alleged that the note was assigned to him on June 21, 1961. He further alleges that payments were made to and including the payment due in June 1961 but alleges failure to pay the installment due July 11, 1961. He alleges that he "has elected and hereby elects that the whole sum of principal and interest of the note be immediately due and payable on said default." He asks for reasonable attorney's fee in accordance with the provisions of the note.

By the answer the execution of the note was admitted. Defendant alleged payments of all installments theretofore falling due and denies the remaining allegations of the complaint.

As an affirmative defense, it was alleged that the holders of the note had waived the requirement of strict and punctual payment on the exact due date of the installments and it was further alleged that by reason of the acts of the holders of the note they became estopped to accelerate it.

A motion for summary judgment was filed and affidavits in support thereof and in opposition thereto were likewise filed. The court granted the motion and rendered summary judgment for the amount of $248,859.63, together with interest thereon, and for attorney's fees in the amount of $500. From this judgment the defendant appeals.

It is to be noted that by the terms of the note the installments payable for the first three years were less than the interest provided, which accounts for the increase in the amount due at the time of trial. No question is raised as to the correctness of that figure.

■■ Basing his contentions largely upon *Bisno* v. *Sax*, 175 Cal.App.2d 714 [346 P.2d 814], the defendant and appellant contends that the acceleration of the note, in view of the short time of the default, constituted a penalty or a forfeiture from which he should be relieved. The courts of this state have however, held to the contrary respecting an acceleration clause of a promissory note. (*Messner* v. *Mallory*, 107 Cal.App.2d 377 [236 P.2d 898]; *Harris* v. *Kessler*, 124 Cal.App. 299 [12 P.2d 467]; *Turney* v. *Collins*, 48 Cal.App.2d 381 [119 P.2d 954].)

It must be recollected, however, that a proceeding for summary judgment pursuant to Code of Civil Procedure section 437c is one in which the province of the court is to determine whether or not it appears from the affidavits of the parties that there is a triable issue and that it is not the province of the court to determine issues. (*Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244] ; *Newport* v. *City of Los Angeles*, 184 Cal.App.2d 229 [7 Cal.Rptr. 497].)

It follows therefrom that the supporting affidavits are to be strictly construed, while those filed in opposition thereto are to receive a liberal construction. (*House* v. *Lala*, 180 Cal.App.2d 412 [4 Cal.Rptr. 366] ; *Southern Pacific Co.* v. *Fish*, 166 Cal.App.2d 353 [333 P.2d 133].)

From the affidavits it appears that on several occasions prior to July 1961 the defendant had been tardy in making payments. It was claimed that in the early part of 1961, in a telephone conversation, a representative of the then holders of the note informed defendant that he would be required to make payments promptly thereafter, but inasmuch as this allegation is denied it will have to be assumed that no such notice was given. It appears that the parties had acquiesced in the method of making payment by the defendant mailing a check to the payees of the note at about the time an installment was due. The defendant was not informed that there had been an assignment of the note. The note was not presented to him nor was any demand for payment made in July 1961. On the 13th day of July the plaintiff went to his attorney's office, caused the complaint to be prepared, and it was then signed. There was also prepared a notice to the defendant to the effect that the plaintiff, as assignee and holder of the note, declared the whole sum of principal and interest due and payable. This notice was mailed to the defendant under circumstances such that it did not reach him until the 14th day of July, and apparently by that time the action had been filed. The defendant, on that day, mailed a check dated July 10, 1961, to the original payee of the note, together with a check for $5.00 as interest thereon for the delay. These were later returned to him.

The option to accelerate a promissory note does not operate automatically but some act is required to effect such acceleration. (*Stalder* v. *Riverside Groves & Water Co.*, 167 Cal. 560 [140 P. 252].)

It is true that the election to accelerate a note may be evi-

denced by the commencement of an action thereon. (*Williams* v. *Gordon,* 205 Cal. 590 [271 P. 1070] ; *Title Guar. & Trust Co.* v. *Fraternal Finance Co.,* 220 Cal. 362 [30 P.2d 515].)

Where, however, the plaintiff seeks to recover counsel fees, it becomes necessary to make a demand prior to the commencement of the action. Although it is true that it is ordinarily not necessary to present a note for payment in order to charge the original debtor, nevertheless, a demand for payment must be made in order to justify allowance of attorney's fees. (8 Cal.Jur.2d 445; *Prescott* v. *Grady,* 91 Cal. 518 [27 P. 755].)

The allowance of attorney's fees appears therefore to have been erroneous in the present state of the record. Were this the only question involved, the error could doubtless be corrected by remanding the case with directions to eliminate that provision from the judgment. However, a more important question is presented as to whether there is or is not a triable issue with respect to whether the option to accelerate has been properly exercised.

As heretofore noted, the note contained no provision as to the place of payment. By the provisions of Civil Code section 3154, it became payable at the usual place of business or residence of the maker. In case a demand for payment be required, it should be there presented. (8 Cal.Jur.2d 451.) The parties had become accustomed to the making of installment payments by the mailing of the defendant's checks therefor to the original holders of the note.

It appears from the affidavits that the defendant was not notified of any assignment. No demand was made upon him. From his affidavits it appears that he had no knowledge that he was required to make payment to the plaintiff. There was involved the question of the extent of the agreement, express or implied, by which payments were to be made by mailing a check rather than at the place of business or residence of the defendant. If the rights of the parties were thus modified the question arises as to whether that modification would prevent an acceleration by reason of a delay of one or two days.

Although this question does not appear to have been decided in California, there is respectable authority for the proposition that under such circumstances an option for acceleration is not exercised unless demand is made upon the payor. In *Griffin* v. *Reilly* (Tex.Civ.App.) 275 S.W. 242, the court said, at page 248:

"Where the acceleration clause in a promissory note leaves it optional with the holder whether he shall declare the whole amount due upon failure to pay any instalment of principal or interest, such holder cannot, without presentment for payment, exercise his option to declare the whole amount due, if no specific place of payment is expressed in the note, until it has been presented to the payor at the latter's known place of business." See also *Bardsley* v. *Washington Mill Co.,* 54 Wash. 553 [103 P. 822, 132 Am.St.Rep. 1133] ; *Dickson* v. *Dickson* (Tex.Civ.App. 1959) 324 S.W.2d 422. Cases from a number of states supporting this rule are collected in 5 American Law Reports 2d at pages 977 et seq.

 From the foregoing, it becomes apparent that there is involved a triable issue of fact as to whether, in view of all the surrounding circumstances, the plaintiff could properly exercise an option to accelerate payment without giving notice to the maker of the note of the assignment to him, and making demand for payment. There is presented the question whether the plaintiff, as assignee of the note, was in a position to take advantage of whatever the arrangement was between the original parties to the note with respect to the manner of payment without being held to any possible relaxation of rights to an exact and punctual performance that resulted therefrom. These questions involve something other than a mere question of law.

This court has no alternative, therefore, than to reverse the judgment and remand the case for trial.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.