490 P.2d 328

**WALKER BANK & TRUST COMPANY, a
Utah banking corporation, Plaintiff and Appellant,**

**v.**

**A. P. NEILSON and Lillie Neilson, his wife,
et al., Defendants and Respondents.**

Nos. 12235, 12348.

Supreme Court of Utah.

Nov. 4, 1971.

Jones, Waldo, Holbrook & McDonough, H. R. Waldo, Jr. and Roger J. McDonough, Salt Lake City, for plaintiff and appellant.

James P. Cowley, Salt Lake City, for Wallers and Lewises.

Fred F. Dremann, Salt Lake City, for Industrial Comm.

Ronald C. Barker, Salt Lake City, for Herta K. Dennett.

C. Nelson Day, U. S. Atty., Salt Lake City, for defendant and respondent.

**384**

ELLETT, Justice:

On or about April 18, 1966, Herta K. Dennett, the record owner of certain real property, transferred it by special warranty deed to one A. P. Neilson. Respondent, John Elwood Dennett, husband of Herta K. Dennett, on the same day gave a quitclaim deed to A. P. Neilson. A. P. Neilson and his wife on the same day signed a promissory note to the plaintiff in the amount of $85,000 and secured the same by execution of a trust deed on the realty in question. An addendum to the trust deed was made before the loan was closed and was shown to John Elwood Dennett, who consented to its inclusion therein. The language of the addendum is as follows:

It is mutually understood and agreed that not withstanding any other provision of the above Trust Deed and the Note securing the same, that in the event A. P. Neilson and Lillie Neilson transfer any of their interest in the property covered by said Trust Deed, the holder of the note secured by said Trust Deed, may at its option declare the entire unpaid balance thereof immediately due and payable.

On July 25, 1968, one Elsie Powers bought the real property from A. P. Neilson and paid for it with money furnished by John Elwood Dennett. On the same day Elsie Powers transferred her interest in the realty to Herta K. Dennett by a quitclaim deed, which deeds were not recorded. Thereafter the Neilsons made no further payments on the note secured by the trust deed, and in October, 1968, three monthly installments in the amount of $728.90 each were due and unpaid as well as taxes for the prior year.

Notice of these delinquencies was given to the Neilsons, the record owners of the property at the time. On or about October 24, 1968, John Elwood Dennett tendered a check in the amount of $2,186.70 [1] to plaintiff, which check was refused on the ground that Dennett was a stranger to the debt and the tender did not include anything for late payment.

Suit was instituted December 5, 1968, to foreclose the security under the trust deed. The amount of the debt as alleged in the complaint was $76,726.20 plus interest from July 1, 1968. The basis of the suit was the failure to make the payments as required by the note. No complaint was made because of a transfer of the property from the Neilsons to Elsie Powers, nor does it appear from the record that the bank has ever exercised its option to foreclose for that reason.

On October 10, 1968, an officer of plaintiff inspected the property in question and placed a value thereon of $122,500.

1. The amount of the three delinquent installments.

A trial to the court sitting without a jury was had on January 6, 7, 8 and 9, and March 27, 1970. Findings of fact and conclusions of law were duly made and filed. The court found that substantial compliance had been made regarding the payments on the note by the tender and refused to allow the plaintiff to proceed with its foreclosure action and gave defendants until June 1, 1970, to bring the loan current. By subsequent orders it extended the time to October 26, 1970. The court retained jurisdiction of the case for further proceedings, including consideration of permitting foreclosure in case the defendants do not make the payments as ordered.

The plaintiff appealed from the order made by the trial court claiming (a) that the conveyance from the Neilsons to Elsie Powers accelerated the total amount of the note as due and payable and (b) that plaintiff was not required to accept the tender as made for various reasons urged upon us here.

One of the conclusions made by the trial judge was to the effect that the acceleration provision in the addendum to the trust deed is void as being against public policy. In this conclusion the court erred.[2] However, the error is harmless for the reason that an acceleration clause such as the one in the addendum is not self-executing. It gave an option to the plaintiff to declare the full amount due. However, the record does not show that the bank has exercised that option. The foreclosure action is predicated upon a failure to make payments pursuant to the note and trust deed.

The appellant elected not to bring before us any of the testimony presented to the trial court, and so we must presume such findings as were made to be based upon competent and substantial evidence.[3] By its decree made and filed November 17, 1970, the court determined:

\*      \*      \*      \*      \*      \*

2. That there is past due to plaintiff on the above-described trust deed the sum of $19,680.30, representing 27 monthly installment payments of $728.90 each for the months of August, 1968, to and including October, 1970; the sum of $43.68, representing late charges for August, September and October, 1968, the sum of $401, representing the amount

---

2. See 17 Am.Jur.2d, Contracts § 178; 55 Am.Jur.2d, Mortgages § 371; Harris v. Kessler, 124 Cal.App. 299, 12 P.2d 467 (1932); Messner v. Mallory, 107 Cal.App. 2d 377, 236 P.2d 898 (Cal.App.1951); Ray v. Oklahoma Furniture Mfg. Co., 170 Okl. 414, 40 P.2d 663 (1934); People's Saving Assn. v. Standard Indus-tries, Inc., 257 N.E.2d 406 (Ohio App. 1970); Cherry v. Home Savings & Loan Assn., Cal.App., 81 Cal.Rptr. 135 (1970).

3. Buchanan v. Crites, 106 Utah 428, at 431, 150 P.2d 100 (1944); 4 Am.Jur. 2d, Appeal and Error § 523.

paid by plaintiff for insurance premiums, and the sum of $2,608.40, representing 1968 and 1969 real property taxes on said property. [Total of $22,733.38].

\* \* \* \* \* \*

5. That the sum of $300 held by Alvin I. Smith, receiver, be paid by Alvin I. Smith to the Clerk of this Court; that the monthly installment payments of $728.90 per month which are payable on plaintiff's trust deed be paid each month, when due, to the Clerk of this Court commencing with the November 1, 1970 payment, and that said monthly installment payments continue to be paid each month to the Clerk of this Court until the further order of this Court; that the 1970 real property taxes assessed against the above-described property be paid to the Clerk of this Court on or before November 30, 1970; that all of the above sums, together with the sum of $22,433.-38, which was heretofore paid to the Clerk of this Court for application on plaintiff's trust deed by third persons who are not parties to this action, be deposited by the Clerk of this Court with the Salt Lake County Treasurer in accordance with law and the practice of this Court; that all of said sums be held by the Salt Lake County Treasurer until such time as plaintiff's appeal to the Utah Supreme Court in this case is dismissed, or until said appeal is finally decided by the Utah Supreme Court; that should plaintiff's appeal be dismissed, or should the decision of this Court be affirmed on appeal, all of said sums will be paid to plaintiff for application on plaintiff's trust deed. \* \* \*

■ It thus appears from the decree of the court that the amount of money held by the clerk was exactly equal to the amount due under the note and trust deed, and we cannot say that the court's order refusing foreclosure was arbitrary or capricious. We, therefore, affirm his ruling and remand the matter for his further consideration in view of circumstances which may have intervened since his order was made. No costs are awarded.

HENRIOD, TUCKETT and CROCKETT, JJ., concur.

CALLISTER, C. J., not participating.