[Civ. No. 48006. Second Dist., Div. Five. Jan. 13, 1977.]

LORINE MOORE, Plaintiff and Appellant, v.
I. L. MORHAR, Defendant and Respondent.

COUNSEL

Jerold L. Bloom for Plaintiff and Appellant.

John H. Larson, County Counsel, and Gregory Houle, Deputy County Counsel, for Defendant and Respondent.

OPINION

STEPHENS, J.—Plaintiff Lorine Moore appeals from a judgment dismissing her complaint for personal injuries against the County of Los Angeles and I. L. Morhar, Roads Commissioner for the County of Los Angeles.

*Facts*

On November 11, 1973, the plaintiff, a visitor from San Diego, injured her foot on some cracked curbing near 99th Street and Normandie Avenue. She contacted counsel who then explained to her the procedure for filing a claim for personal injuries with a public entity, advising her to file against the City of Los Angeles (hereinafter the City). On February 26, 1974, approximately one week after the 100-day claim filing deadline,[1] plaintiff presented her claim against the City, together with an application for leave to file a late claim. On April 3, 1974, the City granted the late claim application, but denied the underlying claim. Shortly thereafter, on April 19, 1974, the County of Los Angeles (hereinafter the County) advised plaintiff that the curb in issue was within its jurisdiction by about one block and that a damages claim should be filed with the County. Plaintiff's counsel remained unapprised of such information for over six months, during which time plaintiff failed to take any action.

Plaintiff filed a complaint against the City and its director of street maintenance on October 3, 1974, further naming doe I as a county, and doe II as the person in charge of street maintenance for the County. Also, some time during the month, the County completely reconstructed the curbing in the vicinity where the accident had occurred. At the end of the month, the City advised plaintiff's counsel that the situs of

---

[1] Government Code, section 911.2.

plaintiff's injury was controlled and maintained by the County. Immediately thereafter, on November 1, 1974, plaintiff presented her claim and application for late filing with the County. The application for late filing was denied by the County, and plaintiff's claim was summarily rejected the following month.

After plaintiff amended her complaint to include the County and respondent County roads commissioner, as defendants, the following actions ensued:

(1) On March 7, 1975, plaintiff filed a petition for an order relieving her from the governmental claim filing requirements pursuant to Government Code section 946.6, thus allowing a court action against the County. Plaintiff's petition was denied on April 8, 1975, as was a subsequent motion for reconsideration on April 28, 1975. Findings of fact and conclusions of law were signed and filed May 23, 1975, and a notice of appeal filed thereto on June 6, 1975. An order denying relief from late filing of claim against the County was filed June 10, 1975.

(2) On May 7, 1975, plaintiff filed her amended complaint against the County and respondent. Both defendants demurred to the complaint, and on July 14, 1975, the court sustained both demurrers without leave to amend.

(3) On July 23, 1975, plaintiff filed a motion for reconsideration of the demurrer sustained without leave to amend as to respondent. This motion was heard and denied on September 4, 1975. A premature notice of appeal was filed as to this ruling.[2] Subsequently, judgment was entered dismissing plaintiff's action.

### Contentions

Appellant contends that the trial court erred in dismissing her cause of action against respondent both in sustaining respondent's demurrer without leave to amend and in denying her motion for reconsideration of that ruling. In support of these contentions appellant argues that her action against respondent County roads commissioner should have been permitted as it falls within the claim-filing exception of Govern-

---

[2]An appeal which predates the entry of an appealable judgment may be construed as having been taken from such judgment. (See *Carroll* v. *Hanover Insurance Co.,* 266 Cal.App.2d 47, 48 [71 Cal.Rptr. 868]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 337.)

ment Code section 950.4, and that reconsideration of the ruling on the demurrer was warranted because the court misconstrued that code section as well as the facts underlying her claim.

For the reasons set forth below, we find no error in the trial court's rulings.

*Discussion*

Appellant claims that a proper construction of the language of Government Code section 950.4, excepting suits against public employees from the claim filing requirements of the California Tort Claims Act,[3] shows that her action against respondent can properly be maintained as against a demurrer. Section 950.4 provides as follows: "A cause of action against a public employee or former public employee is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee." Appellant then urges that she cannot be charged with knowledge, under section 950.4, that the County was the culpable public entity, given the fact that she was just a visitor to the area, and that she was injured within the apparent city limits of Los Angeles. Absent any reason to know which public entity was responsible during the claim filing period, she asserts that her action against respondent County employee can be maintained pursuant to section 950.4.

In countering appellant's arguments, it appears that respondent has misconstrued the applicable time period under section 950.4 for which a claimant must plead and prove ignorance of the involvement of the public entity or employee. Section 950.4, as amended in 1965, seems to have restricted that period to the initial 100 days following the accrual of a cause of action for personal injuries, as set forth in Government Code section 911.2. (7 Cal. Law Rev. Com. Rep. (1965) p. 425; Review of Selected 1965 Code Legislation (Cont.Ed.Bar 1965) p. 130; Van Alstyne, Cal. Government Tort Liability (1964) § 10.6.) Thus, a claimant

---

[3]Government Code, sections 900-935.6.

who becomes chargeable with, or acquires, knowledge under section 950.4 during the period in which a *late claim* could be filed,[4] may not be barred from proceeding against a public employee, even though his claim against the employing public entity is barred.[5] (See Van Alstyne, at p. 438.)

■ Turning to appellant's argument, we agree that section 950.4 requires, on its face, that a claimant must have reason to know during the 100 days following his or her injury, of the specific public entity chargeable with the harm before that claimant is barred from prosecuting an action against the employee of that entity. ■ Yet, unlike a case in which the circumstances surrounding the injury give no clue to the involvement of any public entity,[6] the case at bench illustrates those peculiar circumstances surrounding a personal injury claim in which the involvement of *some* public entity is abundantly clear. Normally sidewalks and street curbing within a metropolitan area are maintained by, or are within the jurisdiction of the city or county. Appellant claims, however, that her mistaken belief that the City was involved, or, concomitantly, her ignorance of the fact that the defective curbing lay just outside the City in an unincorporated area within County jurisdiction, was reasonable. Yet, a claimant under section 950.4 should exercise reasonable diligence in ascertaining the facts giving rise to his or her cause of action. (See *Black* v. *County of Los Angeles,* 12 Cal.App.3d 670, 674-677 [91 Cal.Rptr. 104].) Surely, since appellant was aware of the claim-filing procedure and time restraints, a perusal of a city map would have been reasonable and would also have revealed that the situs of her injury was within County territory. By the same token, she must have known that an employee was in charge of the condition of curbs.

---

[1]Late claims may be filed during the period from 101 days to 1 year after the accrual of a cause of action. (Gov. Code, § 911.4.)

[5]Although this seems to give an unwarranted procedural advantage to the claimant against a public employee, Van Alstyne reasons as follows: " . . . since the ground of the late claim application ordinarily would be one for which broad discretion is vested in the trial court, such as disability (see § 8.31) or inadvertence (see § 8.29), denial of the application should not necessarily preclude the claimant from maintaining his action against the public employee. To hold to the contrary would leave claimant's initial ignorance of the tortfeasor's public employment status as the real basis for his inability to litigate his cause of action. This is precisely the kind of unjust result the legislature was seeking to prevent. But an application to present the late claim and its denial should be required at least."

[6]As the trial judge indicated in his order sustaining the demurrer: " . . . It is [n]ot comparable to a situation where, for example, a public employee drives a private car in the course and scope and it is learned, too late, that he was on entity business and there was nothing apparently tying the entity into the picture. Here the very involvement of the entity charges the plaintiff with knowledge that Doe II, its employee, was involved."

Thus, we see no error in the sustaining of respondent's demurrer, unless it can be said that the denial of leave to amend was an abuse of discretion.

A trial judge commits an abuse of discretion in sustaining a demurrer without leave to amend unless it is clear that no amendment could possibly state a cause of action. (*Greenberg* v. *Equitable Life Assur. Society,* 34 Cal.App.3d 994, 998 [110 Cal.Rptr. 470]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 844.) Where the facts are not in dispute, and the nature of the plaintiff's claim is clear, however, denial of permission to amend is proper if, under the substantive law, there can be no liability. (*Routh* v. *Quinn,* 20 Cal.2d 488, 493 [127 P.2d 1, 149 A.L.R. 215]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 847.) In this case, the facts giving rise to the claim against respondent County roads commissioner are not in dispute—the version of the incident and the following 100 days having remained substantially the same from the initial claim against the City through the first amended complaint against the County and respondent. Also, the basis of the claim for relief—Government Code section 950.4, is clear.[7] As the construction of section 950.4 outlined above yields no basis for relief in this particular case, we conclude, therefore, that the trial court did not err in sustaining respondent's demurrer without leave to amend.

Finally, we note that while notice of appeal was filed as to the order denying appellant leave to file an action against the County, no attempt has been made here to argue against the propriety of such a ruling.[8] In fact, in arguing the applicability of her claim against respondent under Government Code section 950.4, appellant concedes, by inference, that her claim against the County is barred. Consequently, we hold that appellant has waived any review of the aforementioned order. (See *Title G. & T. Co.* v. *Fraternal Finance Co.,* 220 Cal. 362, 363 [30 P.2d 515]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425.)

Judgment dismissing appellant's action is affirmed.

Kaus, P. J., and Ashby, J., concurred.

---

[7]This was set out in appellant's points and authorities in opposition to respondent's demurrer. Also, the trial judge in his order sustaining the demurrer specifically rejected any claim for relief under Government Code section 950.4.

[8]An order denying relief under Government Code section 946.6 is an appealable order. (*Dockter* v. *City of Santa Ana,* 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686].)