**N. Dean GOODMAN, Plaintiff and Respondent,**

v.

**Maurice D. LEE, Defendant and Appellant.**

No. 15489.

Supreme Court of Utah.

Dec. 28, 1978.

Maurice D. Lee, pro se.

Tex R. Olson, Richfield, for plaintiff and respondent.

ELLETT, Chief Justice:

The parties to this case were joint purchasers of a farm, but they fell out and could not work it together. The plaintiff sued for a partition of the realty and water rights appurtenant thereto, for an accounting, and for damages, both compensatory and punitive. The defendant counterclaimed for an accounting and for damages.

Before trial the parties agreed upon a partition, and the case was tried, before a jury upon the issues of accounting and damages. The court submitted the case to the jury upon a special verdict; and based upon the answers to the questions in the special verdict, the court entered a judgment in favor of Mr. Goodman and against Mr. Lee in the amount of $4,054.66 on the accounting issue and the amount of $1,250.00 as punitive damages.

9. *Brunson v. Strong*, 17 Utah 2d 364, 412 P.2d 451 (1966); *Hales v. Peterson*, 11 Utah 2d 411, 360 P.2d 822 (1961).

From that judgment Mr. Lee has appealed, pro se. He has not filed in this Court a transcript of the proceedings and we are unable to find wherein the trial court erred, if at all. The claim is made that the counterclaim was dismissed. The record does not bear out that contention.

The first cause of the counterclaim was for an accounting and that matter was determined by the jury. The second cause was for false arrest. That matter was submitted to the jury which found for Mr. Goodman. The third cause was for an assault claimed to have been made by Mr. Goodman upon Mr. Lee. The jury also found against Mr. Lee on that matter.

When no transcript is furnished on an appeal it is presumed that the evidence given was sufficient to sustain the judgment. In the case of *Walker Bank & Trust Co. v. Neilson*[1] this court said:

> The appellant elected not to bring before us any of the testimony presented to the trial court, and so we must presume such findings as were made to be based upon competent and substantial evidence.

This court also spoke on the matter in the case of *Bennett Leasing Co. v. Ellison*[2] and there said:

> . . . [T]here being no transcript of the evidence, we must assume it supports the finding . . .

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

---

1. 26 Utah 2d 383, 490 P.2d 328 (1971).

2. 15 Utah 2d 72, 387 P.2d 246 (1963).