Filed 5/29/24  Zhang v. Dept. of Corrections and Rehabilitation CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JEFF BAOLIANG ZHANG, | C096915 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2021-00306304-CU-CR-GDS) |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant and Respondent. | |

The Government Claims Act requires a person, before filing an action for money or damages against a government entity, to timely present a claim to the entity and for the entity to reject it.  (Gov. Code, §§ 810 et seq. (the Act); 945.4 [undesignated references to statutes are to the Government Code unless noted otherwise].)  Unless excepted by law, the failure to timely present a claim to an entity bars the person from filing a lawsuit against that entity.  (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.)

1

Under an exception to this requirement, actions under the federal Civil Rights Act against persons acting under color of state law are not subject to the claim presentation requirement. (42 U.S.C. § 1983 [U.S.C. Section 1983]; *Williams v. Horvath* (1976) 16 Cal.3d 834, 842.) But if a plaintiff does not allege facts demonstrating or excusing compliance with the claim presentation requirement, the complaint is subject to a general demurrer for not stating facts sufficient to constitute a cause of action. (*State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1243.)

In pro. per. plaintiff Jeff Baoliang Zhang filed this action against the California Department of Corrections and Rehabilitation (Department) for damages incurred while he was incarcerated without first presenting a claim. The trial court sustained the Department's demurrer to plaintiff's first amended complaint without leave to amend due to the lack of a claim and, despite plaintiff's arguments to the contrary, the complaint's not stating a cause of action under U.S.C. Section 1983.

Plaintiff appeals from the judgment of dismissal. He contends the trial court erred by imposing the claim presentation requirement because he was unaware of it, administrative grievances he filed with the Department constituted claims, and he successfully pleaded a cause of action under U.S.C. Section 1983. He also asserts the Department committed elder abuse against him, its acts of fraud and deception violated his Eighth Amendment rights, and the trial court was prejudiced against him.

We affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

Plaintiff fired gunshots at the Chinese consulate building in Los Angeles in 2011 because he believed Chinese agents were attempting to murder him due to his political beliefs. (*Zhang v. County of Los Angeles* (C.D. Cal. Mar. 9, 2023, No. CV 22-8365 GW) 2023 WL 2666865 (*Zhang I*), report adopted (Mar. 27, 2023) 2023 WL 2666841.) In 2015, he accepted a plea deal under which he was convicted of aggravated assault with an

2

enhancement for personally using a firearm in the commission of a felony. (Pen. Code, §§ 245, subd. (b); 12022.5, subd. (a).) The district court sentenced him to nine years in state prison and transferred him to the Department's custody. (*Zhang I.*)

Plaintiff was released from custody on July 6, 2020, to serve one year on parole. (*Zhang I, supra*, 2023 WL 2666865.) He filed his original complaint in this action on August 16, 2021. The 203-page complaint alleged a litany of fraudulent and injurious incidents that happened to him while he was incarcerated by the Department at various prisons from October 2015 to June 2019, and while at Atascadero State Hospital from June 2019 to July 2020. He alleged causes of action for fraud, intentional tort, and violations of his rights under the Eighth and Fourteenth Amendments to the federal constitution. He sought $800,000,000 in damages.

The Department filed a demurrer, contending plaintiff did not present a claim with the Department before filing the complaint as required by the Act. Plaintiff conceded he had not presented a claim as he was unaware of the requirement. But he argued his complaint pleaded violations of U.S.C. Section 1983, for which no government claim is required.

The trial court sustained the demurrer with leave to amend. The complaint did not plead facts showing plaintiff complied with the Act or was excused from complying. The complaint also did not plead any discernible federal civil rights claim. The court granted leave to amend only "to allow Plaintiff the opportunity to allege compliance with, or excuse from compliance with, the Act. Plaintiff is not granted leave to add any new causes of action or to amend any existing causes of action."

Plaintiff filed a first amended complaint, which is the operative complaint before us. The amended complaint did not plead he had complied with or had been excused from complying with the Act. Plaintiff revised and amended his complaint to allege most facts as violations of his federal civil rights under U.S.C. Section 1983 and to allege violations of the First Amendment in addition to the Eighth and Fourteenth Amendments.

He also added new defendants whom he referred to as "Defendant VIPs" without identifying their names as individual parties. He continued to seek $800,000,000 in damages.

The Department again demurred to the amended complaint. The trial court sustained the demurrer without leave to amend. Plaintiff exceeded the limitations the court had imposed in its prior order by adding new defendants, new allegations against those defendants, and allegations of federal constitution and federal law violations. Moreover, the amended complaint did not allege plaintiff complied with the Act or was excused from complying. To the extent plaintiff argued the amended complaint contained federal civil rights claims for which a government claim was not required, the complaint pleaded no discernible federal civil rights claim against any person. The Department, the only named defendant, is not a person for purposes of U.S.C. Section 1983, and plaintiff's vague naming of the Department's "officials" and "VIPs" did not change the outcome.

The trial court entered its judgment of dismissal, and plaintiff timely appealed.

DISCUSSION

I

*Standard of Review*

We review a judgment of dismissal based on a demurrer de novo to determine whether the complaint pleads facts sufficient to state a cause of action under any legal theory. (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We treat the demurrer as admitting the complaint's material factual allegations and any facts that may properly be judicially noticed, but not the complaint's contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Where the demurrer was sustained without leave to amend, we also decide whether there is a reasonable possibility the defect can be cured by amendment. If it can, the trial court has

4

abused its discretion and we reverse.  If it cannot, there has been no abuse of discretion.  (*Ibid*.)  Plaintiff bears the burden of proving such a reasonable possibility.  (*Ibid*.)

II

*Claim Presentation Requirement*

Plaintiff contends he was not required to present a claim to the Department because (1) he did not know of the requirement, and lack of knowledge is an excuse for not filing a claim under section 950.8 (he likely means section 950.4); (2) his many administrative grievances to Department personnel while he was incarcerated constituted claims for purposes of the Act; and (3) the amended complaint alleged causes of action under U.S.C. Section 1983.

A.      Ignorance of claim requirement

Plaintiff asserts that he knew nothing about presenting a claim until the Department raised the issue in its first demurrer.  No one ever told him about the requirement.  He argues that in his situation, section 950.4 excuses his noncompliance.  Section 950.4 does not apply.[1]

Section 950.4 exempts a plaintiff from presenting a claim if he did not know that a public entity or employee had harmed him.  The statute states that an action against a public employee is not barred if the plaintiff pleads and proves that during the time period allotted to present a claim to the public entity, the plaintiff did not know or had no reason to know that the injury was caused by the public entity or public employee acting within the scope of his or her employment.  (§ 950.4.)  This exemption applies where "the

---

[1]      Plaintiff actually cites to section 950.8, but that statute cannot apply.  Section 950.8 limits a municipality's ability to create claim-filing regimes.  It does not provide an exemption to the Act's claim presentation requirement.  Plaintiff meant to cite to section 950.4, as his citation to section 950.8 in his opening brief follows a description of section 950.4.

circumstances surrounding the injury give no clue to the involvement of any public entity[.]"  (*Moore v. Morhar* (1977) 65 Cal.App.3d 896, 902, fn. omitted.)

Section 950.4 does not apply because plaintiff knew that a public employee allegedly injured him.  He alleged the Department and Department "VIPs" harmed him while he was incarcerated at different Department prisons.  In the body of the amended complaint, plaintiff named certain Department staff who he claimed had harmed him.  Because plaintiff knew that public employees purportedly injured him, section 950.4 did not exempt him from presenting a claim.

Plaintiff contends it was the Department's duty to inform him of the claim presentation requirement, particularly given the numerous grievances he purportedly made to the Department during his incarceration and that he was isolated from legal assistance.  He is incorrect.  The Department did not have a duty to advise him of the claims statutes or to consult an attorney.  (*Tyus v. City of Los Angeles* (1977) 74 Cal.App.3d 667, 673.)

Plaintiff claims his mere ignorance of the claim requirement excuses him from presenting a claim.  He asserts, "No one can do the things that he does not know about."  Unfortunately for plaintiff, " ' "[i]t is an emphatic postulate of both civil and penal law that ignorance of a law is no excuse for a violation thereof." ' "  (*Stark v. Superior Court* (2011) 52 Cal.4th 368, 396.)  This is true with the Act's requirements.  For example, a trial court may grant a person relief after a government entity denies the person's timely request to present a late claim upon finding, among other possibilities, that the failure to present a claim was through excusable neglect or incapacity.  (§ 946.6, subd. (c)(1), (4).)  However, mere ignorance of the claim presentation requirement does not constitute excusable neglect.  (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 475-476; *Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382-1383.)  Plaintiff's ignorance of the claim presentation requirement does not excuse his not presenting a claim.

6

B.    Grievances made to the Department

In his amended complaint, plaintiff alleged he made numerous administrative grievances to the Department regarding the harm committed against him over the course of his incarceration.  In his exhibits to the original complaint, he purported to recite their text.  The grievances consist of numerous forms used as part of the Department's administrative grievance process, addenda purportedly given to the California Department of State Hospitals, and other reports, responses, and letters.  He contends for the first time on appeal that these administrative grievances satisfied the Act's requirement for presenting a claim to the Department and were the functional equivalent of a claim.

By not raising this argument in the trial court, plaintiff has forfeited it here.  The trial court's order does not indicate the issue was raised.  Although plaintiff discussed his administrative grievances in detail in his complaints and his oppositions to the demurrers, at no time in the demurrer proceedings or in the amended complaint did he contend the administrative grievances were constructively the claims required under the Act.  "It is axiomatic that arguments not raised in the trial court are forfeited on appeal."  (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038.)

Even if the argument had not been forfeited, we still would reject it.  The administrative grievances do not comply, or even substantially comply, with the Act's requirements for a sufficient claim.  The Act requires a claim to include the following information:  (a) the claimant's name and post office address; (b) the post office address to which the claimant desires notices to be sent; (c) the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim; (d) a general description of the injury, damage, or loss the claimant has incurred by the time of presenting the claim; (e) the name or names of the public employee or employees causing the injury, damage, or loss, if known; and (f) the amount of damages claimed if it totals

7

less than $10,000, or, if the amount exceeds $10,000, whether the claim would be a limited civil case. (§ 910.) Also, when presenting a claim against a state agency, the claimant must deliver or mail the claim to the state Department of General Services. (§ 915, subd. (b).)

If a claimant attempted to comply with the claim requirements, the doctrine of substantial compliance may validate the claim " 'if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.) However, for the doctrine of substantial compliance to apply, there must be "at least some compliance with all of the statutory requirements." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 769.) The doctrine " 'cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.' " (*Connelly*, at p. 38.)

Plaintiff's administrative grievances omit information required by section 910. Contrary to section 910's requirements, all but one of the grievances do not recite plaintiff's postal address or his postal address for receiving notices. None of the grievances state whether the claim is for less than $10,000 or, if more, would be a limited civil case. And there is no evidence the grievances were presented to the Department of General Services, as required by section 915.

Moreover, because the grievances completely omit some of a claim's essential elements, the substantial compliance doctrine cannot validate them as claims under the Act. A writing that does not indicate the plaintiff is asserting a claim for money damages, such as plaintiff's grievances, does not substantially comply with the Act. (*Wood v. Riverside Gen. Hospital* (1994) 25 Cal.App.4th 1113, 1118.)

A claim that does not substantially comply with section 910 may still be considered a " 'claim as presented,' " requiring the public entity to inform the claimant of the claim's shortcomings, if the claim "puts the public entity on notice both that the

8

claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." (*Del Real, supra*, 95 Cal.App.4th at p. 769; §§ 910.8, 911.) None of plaintiff's administrative grievances informed the Department he intended to initiate litigation if his grievances were not resolved.

Because plaintiff's administrative grievances did not comply, or substantially comply, with the Act's requirements for a valid claim, they are not the functional equivalent of a claim.

### C.      U.S.C. Section 1983 allegations

Plaintiff contends he alleged federal civil rights claims in both of his complaints, and those causes of action do not require the filing of a claim. He argues the amended complaint does not allege any new federal civil rights violations. Rather, he only organized the complaint in a way to better present the different federal law violations the Department committed against him.

The Department argues that plaintiff exceeded the scope of leave the trial court granted him by adding a U.S.C. Section 1983 cause of action and by not alleging he had complied, or was excused from complying, with the Act's claims requirements. The Department asks us to hold that the trial court did not abuse its discretion in limiting the scope of leave to amend.

The trial court ruled that plaintiff had not stated a cause of action under U.S.C. Section 1983 because the amended complaint did not plead a discernible federal civil rights claim against any person. The court stated that the Department, the only named defendant in the action, is not a person for purposes of U.S.C. Section 1983 as a matter of law, and plaintiff's vague naming of Department "officials" and "VIPs," did not change the outcome.

Neither party addresses this finding by the trial court. The finding, however, is dispositive. U.S.C. Section 1983 imposes civil liability on any person who, under color

9

of state law, deprives another of any rights, privileges, or immunities secured by the federal constitution and federal laws. (42 U.S.C. § 1983.) However, a state, an entity acting as an "arm of the state," or state officials sued in their official capacities are not "persons" liable under U.S.C. Section 1983. (*Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 66-71; *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1207-1208.) The Department thus is not subject to liability under U.S.C. Section 1983.

Additionally, plaintiff did not properly add any individuals to the action as defendants who could be liable under U.S.C. Section 1983. The amended complaint asserts that the Department's "Leading Officials (VIPs)" are defendants, and it identifies persons in the body of the complaint who plaintiff claims harmed him. But the amended complaint does not name any individual "leading official" or "VIP" as a defendant or designate them by fictitious names and incorporate them in the manner required by statute. (Code Civ. Proc., § 474.)

More significantly, even if plaintiff could add the Department's "leading officials" and "VIPs" to the complaint, he could not sue them in their official capacities under U.S.C. Section 1983 as he purports to do because officials acting in their official capacities are not persons for purposes of U.S.C. Section 1983. (*McAllister, supra*, 216 Cal.App.4th at pp. 1207-1208.) He thus cannot state a cause of action under U.S.C. Section 1983 against the Department or its "leading officials" and "VIPs." We note that, because the law appears to be clear, we address the issue without requesting supplemental briefing. Any party aggrieved may file a petition for rehearing. (§ 68081.)

Because plaintiff did not present a claim under the Act against the Department, and he cannot state a cause of action against the Department or its officials under U.S.C. Section 1983, the trial court did not err by sustaining the demurrer to the amended complaint without leave to amend.

10

## III

### *Plaintiff's Additional Arguments*

Plaintiff argues the Department is liable for committing elder abuse, and he seeks the enhanced punitive damages available in a private elder abuse action under the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, §§ 15600 et seq., 15657). Plaintiff did not allege a cause of action for elder abuse in the amended complaint, nor could he at this point because he did not timely present a claim against the Department for money damages.

Plaintiff contends the numerous acts of fraud and deception purportedly committed by the Department and the effect they had on him, including injury to his eye, constituted cruel and unusual punishment in violation of the Eighth Amendment. The amended complaint alleged violations of the Eighth Amendment as part of plaintiff's civil rights claim under U.S.C. Section 1983. But, as already explained, plaintiff cannot seek damages against the Department under U.S.C. Section 1983 because the Department cannot be sued under that law.

Finally, plaintiff asserts the trial court abused its discretion and was prejudiced against him, and that the court's dismissal of his action proves the California judicial system is corrupt. The evidence in the record does not support plaintiff's allegations.

DISPOSITION

The judgment of dismissal is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


_____

        HULL, Acting P. J.


We concur:


_____

MAURO, J.


_____

KRAUSE, J.