[No. 18287.   Department Two.—August 25, 1894.]

O. L. ABBOTT, RESPONDENT, v. THE '76 LAND AND WATER COMPANY, APPELLANT.

TROVER—CONVERSION OF WHEAT—MEASURE OF DAMAGES—PUNITIVE DAMAGE—BONA FIDE CLAIM OF RIGHT.—In an action for the conversion of wheat, where it appears that the wheat was taken by the defendant under a *bona fide* claim of right, and under advice of a reputable attorney, and without malice or oppression, the plaintiff is only entitled to compensation for the actual detriment suffered by the plaintiff by reason of the conversion, and he cannot recover punitive damages therefor.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*L. L. Cory*, and *W. S. Goodfellow*, for Appellant.

The evidence fails to show malice, fraud, or oppression by the defendant in the taking of the wheat, and it was therefore error to allow punitive damages. (1 Suth-

erland on Damages, 724; *Moody* v. *McDonald*, 4 Cal. 297; *Phelps* v. *Owens*, 11 Cal. 22; *Sears* v. *Hathaway*, 12 Cal. 277; *Pleasants* v. *North Beach etc. R. R. Co.*, 34 Cal. 586; *Dorsey* v. *Manlove*, 14 Cal. 553; *Selden* v. *Cashman*, 20 Cal. 56; 81 Am. Dec. 93; *Hirshberg* v. *Strauss*, 64 Cal. 272; *Wilson* v. *Fitch*, 41 Cal. 363; *Allison* v. *Chandler*, 11 Mich. 542; *Winchester* v. *Craig*, 33 Mich. 205, and note; *Fay* v. *Parker*, 53 N. H. 342; 16 Am. Rep. 270; *Philadelphia etc. Co.* v. *Orbann*, 119 Pa. St. 37; note to *Stutz* v. *Chicago etc. Ry. Co.*, 9 Am. St. Rep. 777.)    The advice of counsel may be shown to rebut malice. (1 Sutherland on Damages, 747, and note; 2 Greenleaf on Evidence, 13th ed., sec. 459; *Selden* v. *Cashman*, 20 Cal. 56; 81 Am. Dec. 93.)

*Thompson & Thompson*, and *George B. Graham*, for Respondent.

The damages awarded cannot be held by this court to be excessive or unwarranted. (1 Sutherland on Damages, 742, 744, 756.)

McFARLAND, J.—Action to recover for the wrongful conversion by defendant of certain wheat alleged in the complaint to have been the property of plaintiff, and to have been of the value of three hundred and five dollars. It is averred that the wheat was taken maliciously, and for the purpose of oppression. The jury returned a verdict for plaintiff in the sum of five thousand eight hundred and twenty-seven dollars, for which amount judgment was rendered for plaintiff. Defendant appeals from the judgment, and from an order denying its motion for a new trial.

Of course, all of the verdict over and above three hundred and five dollars—assuming the wheat to be of that value—and seven per cent per annum interest thereon, was for punitive damages, or smart-money; and we see no evidence in the record warranting such a verdict, or any verdict at all not confined to compensation for the actual detriment suffered by respondent on account of the conversion of the wheat.

The admitted facts are that in December, 1885, appellant, being the owner of a certain tract of land, made a lease (or cropping contract) thereof to respondent for a term ending October, 1886. The lease granted the privilege of extending it for two years, and also an option to respondent to purchase the land at a certain price. Before the expiration of the first term, a second lease was made by appellant to respondent, which did not state the option to purchase. Under this lease or cropping contract one-fifth of the wheat raised on the land annually was, when sacked, to be the property of the appellant. Respondent contended that under these leases he had the option of purchasing the land under the second lease. During the running of the second lease he offered to purchase the land at the price named in the first lease, the land having greatly increased in value, and appellant denied his right to purchase; and in July, 1888, respondent commenced an action to compel appellant to convey to him the said land. The action was decided in the trial court in favor of respondent, and was, upon appeal, affirmed by this court in January, 1891. (*Abbott* v. *'76 Land & Water Co.*, 87 Cal. 323.) In August, 1888, the appellant took the wheat sued for in this present action. It was taken from said leased or cropped land, appellant claiming to own it as one-fifth of the wheat raised that year, and belonging to appellant.

There is nothing to show that the appellant did not, in perfect good faith, litigate respondent's right to purchase the land from which the wheat was taken. He was advised by eminent counsel that respondent had not such right; and the question presented was one about which lawyers might well differ. (See *Abbott* v. *'76 Land & Water Co.*, 101 Cal. 567.) And there was no evidence which justified the jury in finding that the act of taking the wheat was malicious, or done for the purpose of oppression. Appellant claimed, and in good faith, so far as it appears, that it owned the land and the wheat, and demanded it of respondent, who denied its right to

take it, and forbade the removal of the wheat. Appellant's agents then went some distance to the city of Fresno to consult their counsel, who advised them what to do. He told them that the wheat belonged to appellant; that if the wheat was taken away by respondent, appellant would lose its rent; that they should go and take the wheat if they could do so peaceably, but not to use force; and that if they could not get it peaceably to come back and he would commence legal proceedings. Acting on this advice appellant's agents went to the land on another day, and no other person being present they took the wheat. No threats, violence, or force was used. Of course, as the litigation about the option to purchase the land terminated long afterwards in favor of respondent, appellant is liable for the value of the wheat taken; but the verdict is confessedly for over five thousand dollars more than such value. The respondent testified that when he was about to commence his action to enforce his right to purchase the land, one of the officers of the appellant said to him that the appellant was too rich for him to litigate with; and this item of testimony seems to be about the only basis of a verdict for nearly twenty times the amount of the detriment suffered by respondent. There was some evidence erroneously admitted as to certain matters occurring long after the taking of the wheat, and with reference to differences between the parties about other property; but even that evidence, if it had been properly admitted, would not have justified the verdict in this case. As to the act of taking the wheat, upon which this present action is founded—to which alone the evidence should have been confined—there is nothing in the record to warrant the jury in finding that it was not done under a *bona fide* claim of right, and without malice or oppression. Respondent was, therefore, entitled only to compensation for the conversion. Indeed the verdict was in the teeth of the following instruction given in the trial court: "You are further instructed that the defendant had a perfect legal right to rely on the advice of its

attorneys, and that if you find from the evidence that
P. D. Wigginton was a reputable attorney in the state of
California, and he gave certain advice to the defendant
corporation, which it followed in good faith, and that in
so following such advice the defendant took the wheat
as shown by the evidence, then in that event the defend-
ant did not act maliciously, and the plaintiff can recover
of the defendant only the actual damage suffered by
reason of the conversion." (See *Selden* v. *Cashman*, 20
Cal. 57; 81 Am. Dec. 93; *Dorsey* v. *Manlove*, 14 Cal. 553;
*Phelps* v. *Owens*, 11 Cal. 23.)

The judgment and order appealed from are reversed,
and the cause remanded for a new trial.

DE HAVEN, J., and FITZGERALD, J., concurred.