[Civ. No. 7735. First Appellate District, Division Two.—March 10, 1931.]

E. W. RIGGLE, Appellant, v. C. E. JACKSON et al., Respondents.

C. F. Culver for Appellant.

Joe Crider, Jr., Clarence B. Runkle, Head, Rutan & Scovel and Morris A. Cain for Respondents.

NOURSE, P. J.—Plaintiff sued for damages for the alleged wrongful attachments of personal property used by him in drilling an oil-well. The defendants are the sheriff, his bondsman, and the attaching plaintiff. The cause was tried without a jury and resulted in a judgment for all defendants. The plaintiff appeals on a bill of exceptions.

Behr and White entered into a contract with plaintiff wherein the latter agreed to drill a well for oil and the former agreed to furnish plaintiff a derrick, engine and other necessary equipment to be used in the work. As a part of the agreement Behr and White undertook to pay plaintiff $250 a day as damages for each day's delay in the drilling operations caused by them, such sum to cover the value of the use of such personal property. Suit was commenced by one Moore against Behr and White to recover the purchase price of this personal property and out of that suit issued the writs of attachment which the sheriff served upon this plaintiff and which are the bases of this action for damages. The trial court found that the several writs of attachment were duly and regularly served; that by reason of such attachments the drilling operations were delayed approximately nine days; that the damages to plaintiff because of such delay were $150 a day; that the plaintiff was actually paid by Behr and White the sum of $250 for each day to cover such damage.

On this appeal the appellant's chief attack is on the attachment proceedings. In support of the judgment the respondents defend these proceedings and also insist that appellant has suffered no damage. Because of our view on the latter point it is unnecessary to consider the questions relating to the attachment proceedings.

█ The respondents put in evidence the written contract between appellant and Behr and White for the purpose of showing the agreement of the latter to pay appellant damages for any delay caused by them. The contract was competent evidence of this agreement and the evidence was material to the issue respondents sought to prove. This proof was followed by the uncontradicted proof of these

facts—that appellant's damages amounted to but $150 a day; that the delay was caused by the fault of Behr and White; and that they had actually paid appellant the sum of $250 for each day his operations were suspended. Upon this evidence the trial court found that the appellant was fully compensated for all loss sustained by reason of any delay caused by said attachments.

■ The good faith of the respondents is conceded hence compensatory damages alone were recoverable. (Sec. 3294, Civ. Code; *Maher* v. *Wilson*, 139 Cal. 514, 518 [73 Pac. 418].) The trial court adopted the proper measure of damages within the rule of *Hurd* v. *Barnhart*, 53 Cal. 97, and having found that appellant was paid more than the damages suffered, the single question remains whether such payment inures to the benefit of respondents.

■ That appellant's only damage resulted from the forced delay in the use of the property, and that this delay was caused by the fault of Behr and White, who fully compensated him for such delay, must be conceded. If these payments were merely voluntary contributions from a collateral source they could not be used in mitigation of the damages suffered by the appellant. (8 R. C. L., p. 554.) And if they were involuntary payments made by one who stood in the relation of an insurer, but who was not himself at fault, they could not be so used. (8 R. C. L., p. 557.) But, when the payment is not a mere gratuity but is an obligatory one made by a party in privity with the tort-feasor, a different rule obtains. Thus, in *Drinkwater* v. *Dinsmore*, 80 N. Y. 390 [36 Am. Rep. 624], it was held that no recovery for loss of time alone could be had if plaintiff had been paid his full wages during the period of his disability, and to the same effect is *Montgomery & E. R. Co.* v. *Mallette*, 92 Ala. 209 [9 South. 363]. These cases are referred to in *Nashville, C. & St. L. R. Co.* v. *Miller*, 120 Ga. 453 [1 Ann. Cas. 210, 67 L. R. A. 87, 93, 47 S. E. 959], where a distinction is made because the payments by the employer were voluntary and were made merely as a gratuity.

The rule of the New York and Alabama cases is sound and just, particularly in a case such as we have here where the plaintiff seeks compensatory damages for time lost by reason of the alleged wrongful act of the respondents. The

peculiar phase of the case is that, by reason of this alleged wrongful act, the appellant here gained a substantial benefit and did not suffer any loss.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 9, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1931.