[Civ. No. 8497.   Third Dist.   Feb. 3, 1955.]

JACK BERGEVIN, Respondent, v. MARVIN MORGER, Appellant.

J. D. Boyle and Mason A. Bailey for Appellant.

Coffee & Wolfe for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment in favor of plaintiff and from the order denying his motion for a new trial. By his complaint, plaintiff alleged that the defendant "wrongfully, unlawfully and violently assaulted" him; that the defendant struck plaintiff, knocking him to the ground, and that while in that position the defendant struck and beat him causing serious injury. He prayed for general damages and special damages for his loss of time from work. The defendant, by his answer, denied the assault and affirmatively alleged that any force used by him was in necessary self defense. At the conclusion of the trial, the jury returned a verdict in favor of plaintiff, assessing compensatory damages in the sum of $2,000 and exemplary damages in the sum of $3,000.

The evidence appears to be somewhat in conflict; that is, plaintiff testified that his injuries were received solely by virtue of his alleged beating at the hands of the defendant,

whereas the defendant testified that plaintiff's injuries, if any, were suffered by him when he ran into an olive tree. Specifically the evidence, viewed as it must be in the light most favorable to the judgment, shows that on the afternoon of the alleged assault, plaintiff and one Fernandes, his employee, were filling a water trough located on property then occupied by plaintiff in Madera County. They noticed the defendant walking toward them from a pump located approximately 300 yards distant. Defendant asked plaintiff for the keys in order to shut off the pump, and when the request was refused, defendant became angry and made derogatory remarks concerning Fernandes. Not wanting to argue with defendant, plaintiff started to walk away, but upon hearing his dog growl, he turned, and just as he did so defendant kicked him, knocking him to the ground. Plaintiff ordered Fernandes to call the sheriff's office and was about to turn his dog loose, but desisted when defendant threatened to shoot the dog. Plaintiff, being nauseated, remained on the ground where he had fallen. Defendant started toward his car but returned and kicked plaintiff three times. Plaintiff remembers nothing thereafter until he regained consciousness in a hospital. Fernandes, when called as a witness by plaintiff, substantially corroborated plaintiff's version of the altercation. A second witness, Mrs. Rasmussen, testified to being summoned by Fernandes and going to the premises where she found plaintiff face down on the ground, nauseated and in obvious pain. With the aid of Fernandes she carried plaintiff to her car and drove him to the hospital. Plaintiff additionally testified that he had had a recent rectal operation, which fact was known to defendant. The diagnosis of plaintiff's injuries contained in hospital records which were introduced into evidence, disclosed contusion to the kidney, rectum, testes and coccyx.

Defendant first contends that plaintiff wholly failed to plead or prove malice. "[R]egardless of the state of the record, attacks on a judgment based on technical defects in pleadings or procedure are not favored by reviewing courts, and it is in the light of our constitutionally declared policy and the statutory admonitions that we must examine the record to ascertain whether defendant has sustained the appellant's burden of establishing error and prejudice." (*Vaughn* v. *Jonas,* 31 Cal.2d 586, 601 [191 P.2d 432].)

■ Here as in the Vaughn case, by pleading that the defendant wrongfully, unlawfully and violently assaulted him

and knocked him to the ground, and while lying on the ground the defendant struck, beat and kicked him resulting in injuries which required medical care and hospitalization, plaintiff has alleged a malicious attack on himself. Under the provisions of section 1962, subdivision 1, of the Code of Civil Procedure, "a malicious and guilty intent" is to be conclusively presumed "from the deliberate commission of an unlawful act, for the purpose of injuring another." Hence, malice was at least inferentially pleaded. ■ Furthermore the record shows that the malice thus pleaded was proven by substantial evidence. Plaintiff's version of the altercation, which was corroborated by the testimony of an eyewitness, clearly shows an unprovoked and wanton attack, maliciously committed on plaintiff by defendant with the intent to injure. Additionally, it should be noted that the trial court, upon defendant's request, gave three instructions upon the issue of exemplary damages and in two such instructions specifically discussed the element of malice.

■ Appellant next contends that the damages, both compensatory and punitive, were so excessive as to indicate that the award was made under the influence of passion and prejudice. In support of this contention defendant refers only to that portion of the evidence relating to the amounts for hospitalization, doctors' services and medicine. He fails to note that in addition to those immediate expenses, plaintiff testified that his earning capacity was lost for a period of six months, and that he was compelled to hire extra help at a cost of $600 and had additional medical expenses because he was required to consult a physician at least once a week for a period of several months. Although the injuries sustained were not of a permanent nature, the testimony of other witnesses indicates that the immediate pain and suffering were obviously quite severe. (See *Edwards* v. *Hollywood Canteen*, 27 Cal.2d 802 [167 P.2d 729], and *Lay* v. *Pacific Perforating Co.*, 62 Cal.App.2d 233 [144 P.2d 395].)

The jury was instructed and properly so (*Roedder* v. *Rowley*, 28 Cal.2d 820, 822 [172 P.2d 353]) to take into consideration in assessing damages such relevant circumstances as impairment of earning capacity and the extent, severity and duration of the bodily and mental suffering caused by the injuries.

■ The question of excessiveness of damages, whether compensatory or exemplary, is addressed primarily to the

discretion of the trial court, and an award which a trial judge has inferentially approved by his denial of a motion for a new trial without reduction of the damages, will not be disturbed on appeal unless from the facts the amount thereof at first blush suggests passion or prejudice on the part of the jury. (*State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330, 340 [240 P.2d 282]; *Finney* v. *Lockhart*, 35 Cal.2d 161, 164 [217 P.2d 19].)

Defendant further contends that the exemplary damages are not reasonably proportionate to the compensatory damages, and hence were excessive. "The rule that exemplary damages should bear a reasonable relation to the actual damages is only for the purpose of guarding against excess . . . there is no fixed ratio by which to determine the proper proportion between the two classes of damages." (35 Cal.2d 164.) Since it cannot be said that from the facts the amount of the award "appears at first blush to suggest passion or prejudice on the part of the jury" (35 Cal.2d 164) this court cannot interfere with the conclusion reached by the jury and the trial court.

Lastly, appellant contends that for the same reasons advanced concerning the question of damages generally, the trial court abused its discretion in denying his motion for a new trial. And, likewise, for the reasons heretofore set forth, this contention is also without merit.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.