[Civ. No. 6471.   Fourth Dist.   Sept. 15, 1961.]

PEARL McAFEE et al., Respondents, v. BLAKE RICKER, Appellant.

Hauslein & Mathews and Wesley H. Mathews for Appellant.

Thomas Whelan for Respondents.

GRIFFIN, P. J.—Plaintiffs and respondents, husband and wife, brought this action against defendant and appellant alleging generally that on March 23, 1959, defendant willfully, maliciously and violently struck and beat them, without cause or provocation, causing them personal injuries.

Defendant answered, denied these allegations and alleged that if any injuries were sustained they were the result of an unprovoked assault on him and he was acting in self-defense.

After trial by the court, sitting without a jury, it found generally in accordance with the allegations of plaintiffs' complaint and against defendant's contentions. It awarded judgment in favor of plaintiff wife for $1,500 general and special damages, including $568 in medical bills and, in addition, $500 punitive damages, was awarded. It found plaintiff husband was entitled to $250 general damages and $100 punitive damages.

Defendant appeals and argues that the trial court erred in applying the law of self-defense. (Citing *Fraguglia* v. *Sala*, 17 Cal.App.2d 738 [62 P.2d 783] and *Vaughn* v. *Jonas*, 31 Cal.2d 586 [191 P.2d 432].) He also claims the findings are contrary to the evidence and the judgment is based on improper findings and conclusions.

### EVIDENCE

Plaintiffs and defendant were next-door neighbors. Defendant complained because plaintiffs parked their cars in front of his home too often. Plaintiffs testified that on two occasions they resorted to a hearing before the city prosecutor about the conditions prevailing and because defendant used abusive language toward plaintiff wife.

The evidence as to the occurrence on March 23, 1959, is in conflict. Plaintiffs testified they had been driving a new car and that their other car was parked in their driveway; that plaintiff wife backed the older car out of their driveway where it had been parked and parked it in front of defendant's home until the new car could be placed in their garage and they then replaced the old car back in their driveway; that about that time defendant came out into the street and called plaintiff wife a bad name; that plaintiff husband objected; that defendant told him he was yellow and to come on out into the street; that plaintiff husband took off his coat and started out and defendant told him he was a coward because he did not take off his glasses; that plaintiff husband returned and placed his glasses with his coat, believing he had a right in the street, and that defendant could legally do nothing about it; that as he approached defendant, defendant had his fists in a fighting position and on his arrival, without any cause of plaintiff husband, defendant struck him in the jaw with a left hook and knocked him to the ground;

that plaintiff wife then attempted to interfere and he struck her in the jaw with his fist and knocked her to the ground, breaking her false teeth and injuring her jaw to a great extent; that when plaintiff husband arose, defendant knocked him down again in the same fashion, with the admonition, ''I have been waiting for this a long time.'' Both plaintiffs testified that neither made any threatening advances towards defendant prior to or during the time of the fight. They also testified that defendant had invited plaintiff husband to fight on two or three previous occasions. Plaintiff husband was 43 years old, 5 feet 6 inches tall, weighed about 152 pounds, and was a sailor in the service. The defendant was 48 years old, 5 feet 9 inches tall, and weighed about 185 pounds.

Defendant testified about the previous trouble but said he called plaintiff wife no names and claims that plaintiff husband came out into the street after taking off his coat and glasses and he was then crouched over and had his fists clenched and he, the defendant, was required to defend himself. He admitted plaintiff husband did not strike him at all and said that he dropped plaintiff husband to the street with a left hook and plaintiff wife came up to him, gritting her teeth and scratching him on the head and that he pushed her off to one side and as plaintiff husband arose he dropped him to the street a second time in the same fashion. Medical bills in the sum of $568 were sufficiently established, including a new set of teeth for $300.

It is clear that the evidence supports the findings and the findings do support the judgment, not only as to special and general damages but also as to the exemplary damages awarded. (*Bergevin* v. *Morger*, 130 Cal.App.2d 590 [279 P.2d 136] ; *Maede* v. *Oakland High School Dist.*, 212 Cal. 419 [298 P. 987] ; *Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231] ; 14 Cal.Jur.2d § 151, p. 782; *Melone* v. *Sierra Railway Co.*, 151 Cal. 113 [91 P. 522] ; *Finney* v. *Lockhart*, 35 Cal.2d 161, 164 [217 P.2d 19] ; *Vaughn* v. *Jonas, supra,* 31 Cal.2d 586, 601.)

In *Wolfsen* v. *Hathaway*, 32 Cal.2d 632, 650 [198 P.2d 1], it was held that an award of punitive damages may not be based on mere speculation, but depends on a definite showing of a willingness to vex, harass, annoy or injure, consistent with the wrongful personal intention to injure. It was further stated:

'' 'And this is necessarily so, for the law, having made full compensation for the *act*, can thereafter be concerned solely

with the *motive* of the act. The wrongful act has been redressed by full compensation. The improper motive which actuated it may be punished by an award of exemplary damages.'" (Citing *Davis* v. *Hearst*, 160 Cal. 143, 162 [116 P. 530].)

■ See also Civil Code, section 3294, and 14 California Jurisprudence 2d section 175, page 809 and section 176, page 810, where it is said: "An award of exemplary damages, in an action for damages for injuries inflicted by the defendant's malicious act, can be made only if the plaintiff can show that malice in fact, as distinguished from malice in law, existed with respect to the defendant's act. The distinction between malice in fact and malice in law is substantial. Malice in fact, or actual malice, denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it."

The question of malice in fact was sufficiently established.

## CLAIM OF SELF-DEFENSE

Defendant argues that the trial court erred in not finding from the evidence, as a matter of law, that defendant was acting in self-defense, under the claim that the law does not permit any person to voluntarily seek or invite combat, or to put himself in the way of being assaulted, and when necessary to protect himself from bodily harm at the hands of an assailant, the person assaulted may use sufficient force in repelling the assault, even before the assailant actually commences a battery upon him. Defendant indicates that the evidence is uncontradicted that John McAfee sought and invited combat by removing his hat, coat and glasses at a time when defendant was standing in the street and then walked toward defendant who stood in the street without moving until that place was reached by McAfee and at that time defendant was entitled to defend himself under the authority cited by him, including *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834], and *Novak* v. *Dewar*, 55 Cal.2d 749 [13 Cal. Rptr. 101, 361 P.2d 709].

The evidence is contradicted on this question. The trial court found defendant's claim of self-defense was not sustained by the evidence. ■ We are bound by the time-honored rule that where the findings are attacked for insufficiency of the evidence, our powers begin and end with a determination as to whether there is any substantial evidence to support them. (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757].)

■ Here, the trial court had the right to believe defendant used intemperate language; had made previous challenges to Mr. McAfee to fight; had, in effect, invited him to come into the street to fight and that he knocked both plaintiffs down on two occasions without sufficient justification or provocation and without either plaintiff turning a hand indicating a fist fight with defendant; and that the continuance of the assault was unnecessary and accordingly defendant exceeded the right of self-defense.

### THE FORCE THAT MAY BE USED

■ The force that one may use in self-defense is that which reasonably appears necessary, in view of all the circumstances of the case, to prevent the impending injury. (*Vaughn* v. *Jonas, supra,* 31 Cal.2d 586.)

■ "An assault or battery cannot be committed by acts done in self-defense, for such acts are not unlawful. A person confronted or attacked is not bound to retreat but is entitled to stand and defend himself and act as a reasonable man under the circumstances as they may appear to him. For acts done in self-defense to remain lawful, the force one uses must be only such as appears reasonably necessary in view of the circumstances, to prevent the impending injury. To repel a slight assault the person assaulted is not authorized to resort to measures of great violence. And, while the law will not measure the degree of necessary force with a nice hand and hold the person assaulted to accountability for force slightly disproportionate to the assault, it will hold him responsible for a clearly marked excess. If excessive or improper force is employed, such force will itself constitute an assault and battery though the act would have been lawful if excessive or improper force had not been used. The force that may be used is not such as a party may himself deem necessary; the test is whether the force used would have been deemed necessary by a reasonable person in a similar situation." (5 Cal. Jur.2d § 14, pp. 234-235.)

■ Neither is a plea of self-defense available to one upon whom an assault is brought by his own procurement or to one who has sought a quarrel with the design to create a real or apparent necessity for making an assault. (*People* v. *Hinshaw,* 194 Cal. 1 [227 P. 156].)

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.