[Civ. No. 38597. First Dist., Div. One. Aug. 22, 1977.]

WILLIE CHESTER HENDERSON, Plaintiff and Appellant, v. SECURITY NATIONAL BANK, Defendant and Appellant.

## COUNSEL

Donald S. Britt, Stevens & Wood and Dale E. Wood for Plaintiff and Appellant.

Kornfield & Koller and Irving J. Kornfield for Defendant and Appellant.

**OPINION**

**ELKINGTON, J.**—Defendant Security National Bank (the Bank) wished to repossess a Cadillac automobile which it had financed for plaintiff Willie C. Henderson under a contract on which he had defaulted. The Bank employed an independent contractor, a licensed "repossessor" (see Bus. & Prof. Code, §§ 7520, 7521, subd. (c), 7526.4), for that purpose. Following the car's repossession and subsequent sale, Henderson commenced an action against the repossessor and the Bank, seeking compensatory and exemplary damages. Two causes of action were alleged; the first was for "conversion" and the second for "trespass." Each was based upon Henderson's contention (and later testimony) that in the repossession of his automobile the lock on his garage door had been broken. ■ Such an entry by force, if made, was of course unlawful. (See Cal. U. Com. Code, § 9503; Pen. Code, § 418.)

Prior to the trial Henderson compromised and settled his case against the professional repossessor and the action as to that defendant was discontinued.

Following testimony at the trial, which was by jury, the Bank moved for a judgment of nonsuit as to each of Henderson's two causes of action. As pointed out, each of those causes of action was based upon the manner in which the repossessor obtained possession of the automobile.

As to Henderson's cause of action for *trespass* the trial court granted the motion, and judgment of nonsuit as to that count was later entered in favor of the Bank. But on the Bank's motion for nonsuit on Henderson's cause of action for *conversion,* the trial court denied the motion. Accordingly the case went to the jury on the issue of conversion alone. The jury returned a verdict against the Bank for compensatory damages of $1,357.43 and exemplary damages of $125,000, and judgment was entered upon that verdict.

The trial court thereafter, on the Bank's motions, entered judgment notwithstanding the verdict and, to become effective if that judgment should be reversed on appeal, a new trial "on ground of insufficiency of evidence & errors in law; . . ." (See Code Civ. Proc., § 629.) ■ The "specification of reasons" for granting the new trial was not filed by the court until 12 days after the filing of the order granting a new trial and was accordingly not timely. (See Code Civ. Proc., § 657.)

Henderson took a timely appeal from the "judgment of non-suit and judgment notwithstanding the verdict." He also filed a notice of appeal from the order granting a new trial. The Bank has filed a "protective cross-appeal" from the judgment which had been entered on the jury's verdict. These several appeals are presently before us for determination.

■ We observe initially that although Henderson has appealed from the *"judgment of non-suit* and judgment notwithstanding the verdict" (italics added), he makes no contention whatever, in this court, that the judgment of nonsuit on the *trespass* cause of action was erroneously entered. According to well-established authority, the point will be deemed unmeritorious, or at least to have been abandoned or waived. (*Johnston* v. *Board of Supervisors,* 31 Cal.2d 66, 70 [187 P.2d 686]; *Title G. & T. Co.* v. *Fraternal Finance Co.,* 220 Cal. 362, 363 [30 P.2d 515]; *Moore* v. *Morhar,* 65 Cal.App.3d 896, 903 [135 Cal.Rptr. 626]; *McDonald's Systems of California, Inc.* v. *Board of Permit Appeals,* 44 Cal.App.3d 525, 529 [119 Cal.Rptr. 26]; *Aronowicz* v. *Nalley's, Inc.,* 30 Cal.App.3d 27, 33, fn. 2 [106 Cal.Rptr. 424]; *Hanberry* v. *Hearst Corp.,* 276 Cal.App.2d 680, 688 [81 Cal.Rptr. 519, 39 A.L.R.3d 173]; *County of Los Angeles* v. *Law Bldg. Corp.,* 254 Cal.App.2d 848, 853 [62 Cal.Rptr. 542]; *Wheeling* v. *Financial Indem. Co.,* 201 Cal.App.2d 36, 44 [19 Cal.Rptr. 879]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425, pp. 4391-4393.)

As will be seen, Henderson's cause of action for *trespass* was based on a theory that the Bank had either expressly or impliedly authorized or ratified the breaking of a lock on his garage, and thus a trespass. By virtue of the unchallenged judgment of nonsuit, *it is now established, as a matter of law, that the Bank neither expressly, nor impliedly, authorized or ratified the trespass which consisted of the breaking of the lock of Henderson's garage.*

We first consider Henderson's appeal from the judgment notwithstanding the verdict.

■ The applicable rule was stated in *Quintal* v. *Laurel Grove Hospital,* 62 Cal.2d 154, 159 [41 Cal.Rptr. 577, 397 P.2d 161], as follows: "The rules applicable to judgments notwithstanding the verdict for defendant are well settled and are agreed to by all the parties. Such a motion may be granted, properly, only when, disregarding the conflicting evidence, and indulging in every legitimate inference in favor of the plaintiff, the result is a determination that there is no evidence of substantial nature to support the verdict. The trial court, on such motion,

is not permitted to weigh the evidence, and on an appeal from the judgment entered on the granting of such a motion, the appellate court must read the record in the light most advantageous to the plaintiff, resolve all conflicts in his favor, and give him the benefit of all reasonable inferences in support of the judgment."

■ Viewed in the light most favorable to Henderson, the evidence discloses that his car was obtained by the repossessor by means of an unlawful entry, i.e., the breaking of the lock on his garage door. (The employee who actually did the repossessing could not be found and was unavailable as a witness.)

Although there appears to be a paucity of authority on the subject in this state, we are of the opinion that where one is otherwise entitled to take possession of property, its repossession by such means constitutes a conversion. The leading case in support of our conclusion is *Manhattan Credit Co.* v. *Brewer,* 232 Ark. 976, 978 [341 S.W.2d 765, 766, 99 A.L.R.2d 354, 356], where, as here, the party charged with such a conversion had a right to repossess a hypothecated vehicle. Upholding a finding of conversion the court said: "The applicable rule (briefly stated) as set forth in many of our decisions, appears to be that there is a conversion if force or threats of force are used to [secure] possession of the automobile." To the same effect see *A.B. Lewis Company* v. *Robinson,* (Tex.Civ.App.) 339 S.W.2d 731, 735; *Thrasher* v. *First National Bank of Miami* (Fla.) 288 So.2d 288, 289; *Victor* v. *Fairchild Motor Corporation,* (La.) 8 So.2d 566, 567-568; *Douglas Motor Co.* v. *Watson,* 68 Ga. 335 [22 S.E.2d.766, 767]; and *Thompson* v. *Ford Motor Credit Company,* 324 F.Supp. 108, 115, where the court said, " 'if the mortgagee finds that he cannot get possession without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it.' "

Unlike Henderson's cause of action for *trespass,* his cause of action for *conversion* did not depend upon authorization, or ratification, or upon the knowledge, or intent, or bad faith of the Bank. ■ " 'The foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. It rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action. "The plaintiff's right of redress no longer

depends upon his showing, in any way, that the defendant did the act in question from wrongful motives, or generally speaking, even intentionally; and hence the want of such motives, or of intention, is no defense. Nor, indeed, is negligence any necessary part of the case. Here, then, is a class of cases in which the tort consists in the breach of what may be called an absolute duty; the act itself (in some cases it must have caused damage) is unlawful and redressible as a tort." ' " (*Byer* v. *Canadian Bank of Commerce,* 8 Cal.2d 297, 300 [65 P.2d 67]; and see *McAllister* v. *Metzger,* 220 Cal.App.2d 692, 707 [33 Cal.Rptr. 879]; *Culp* v. *Signal Van & Storage,* 142 Cal.App.2d Supp. 859, 862 [298 P.2d 162]; *Kee* v. *Becker,* 54 Cal.App.2d 466, 471 [629 P.2d 159].)

█ Since the theory of the trial court in awarding judgment notwithstanding the verdict was that there had been no conversion, we now hold under the above authority that insofar as it denied Henderson the award of *compensatory* damages, the judgment was erroneous.

█ We turn our consideration now to whether there was "evidence of a substantial nature" supportive of the jury's award of *exemplary* damages. Such a question is one of law. (*Fidelity etc. Co.* v. *Federal etc. Co.,* 217 Cal. 307, 319 [18 P.2d 950].)

█ It is appropriate at this point to first consider the law relating to exemplary damages.

Such damages are never awarded as a matter of right (*Shumate* v. *Johnson Publishing Co.,* 139 Cal.App.2d 121, 135 [293 P.2d 531]; *Browand* v. *Scott Lumber Co.,* 125 Cal.App.2d 68, 73 [269 P.2d 891]); they are not favored by the law and they should be granted with the greatest of caution (*Beck* v. *State Farm Mut. Auto. Ins. Co.,* 54 Cal.App.3d 347, 355 [126 Cal.Rptr. 602]; *Gombos* v. *Ashe,* 158 Cal.App.2d 517, 526 [322 P.2d 933]); they will be allowed only in the clearest of cases (*Gombos* v. *Ashe, supra,* p. 526). To justify their award there must be proof of malice in fact; such malice will not be implied by law (*Toole* v. *Richardson-Merrell Inc.,* 251 Cal.App.2d 689, 713 [60 Cal.Rptr. 398, 29 A.L.R.3d 988]; *Sturges* v. *Charles L. Harney, Inc.,* 165 Cal.App.2d 306, 321 [331 P.2d 1072]; *Gombos* v. *Ashe, supra,* pp. 526-527); and such malice will never be established by "mere speculation" (*McAfee* v. *Ricker,* 195 Cal.App.2d 630, 633 [15 Cal.Rptr. 920]).

The malice essential to an award of exemplary damages requires an evil motive or intent (*Fidelity etc. Co.* v. *Federal etc. Co., supra,* 217 Cal.

307, 319; *Davis* v. *Hearst,* 160 Cal. 143, 163, 164 [116 P. 530]; *Gruner* v. *Barber,* 207 Cal.App.2d 54, 59 [24 Cal.Rptr. 292]); it " 'denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it' " (*Simmons* v. *Southern Pac. Transportation Co.,* 62 Cal.App.3d 341, 368 [133 Cal.Rptr. 42]; *Ebaugh* v. *Rabkin,* 22 Cal.App.3d 891, 895 [99 Cal.Rptr. 706]; *McAfee* v. *Ricker, supra,* 195 Cal.App.2d 630, 634). Essential to any award of exemplary damages is a finding that the plaintiff was subjected to "cruel and unjust hardship" by the defendant. (*Trammell* v. *Western Union Tel. Co.,* 57 Cal.App.3d 538, 557 [129 Cal.Rptr. 361].) And in any case, the evil motive and desire to harm the plaintiff must be attended by " 'outrageous conduct.' " (*Coats* v. *Construction & Gen. Laborers Local No. 185,* 15 Cal.App.3d 908, 916 [93 Cal.Rptr. 639]; *Di Giorgio Fruit Corp.* v. *AFL-CIO,* 215 Cal.App.2d 560, 580 [30 Cal.Rptr. 350].)

█ Even where a corporate defendant has "violated its duty of good faith and fair dealing, this alone does not necessarily establish that defendant acted with the requisite intent to injure plaintiff." (*Silberg* v. *California Life Ins. Co.,* 11 Cal.3d 452, 462-463 [113 Cal.Rptr. 711, 521 P.2d 1103]; *Beck* v. *State Farm Mut. Auto. Ins. Co., supra,* 54 Cal.App.3d 347, 355.) A " 'tort committed by mistake, in the assertion of a supposed right, or without any wrong intention, and without such recklessness as evinces malice or a conscious disregard of the rights of others, does not warrant punitive damages.' " (*Kendall Yacht Corp.* v. *United California Bank,* 50 Cal.App.3d 949, 959 [123 Cal.Rptr. 848]; and see *Abbott* v. *'76 Land and Water Co.,* 103 Cal. 607, 609-610 [37 P. 527]; *Riggle* v. *Jackson,* 112 Cal.App. 428, 430 [296 P. 889].)

█ Finally, it is established law that one may not be held for exemplary damages where the "evidence fails to show that he personally participated in the wrongful acts or that he previously authorized them or subsequently ratified them with full knowledge of the facts." (*Deevy* v. *Tassi,* 21 Cal.2d 109, 125 [130 P.2d 389].) This rule applies equally to a corporation where the conduct, for which exemplary damages are sought, was allegedly committed by its agent or employee. In such a case the corporation, the principal, may be held liable for exemplary damages "only if '(a) the principal authorized the doing and the manner of the act, or (b) the agent was unfit and the principal was reckless in employing him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the employer or a manager of the employer ratified or approved the act. [¶] Although there has been no fault on the part of a corporation or other employer, where a

person acting in a managerial capacity either does an outrageous act or approves of such an act by a subordinate, the imposition of punitive damages upon the employer' " corporation may then be held proper. (*Hale* v. *Farmers Ins. Exch.*, 42 Cal.App.3d 681, 691 [117 Cal.Rptr. 146]; and see *Merlo* v. *Standard Life & Acc. Ins. Co.*, 59 Cal.App.3d 5, 18 [130 Cal.Rptr. 416]; *Kuchta* v. *Allied Builders Corp.*, 21 Cal.App.3d 541, 549 [98 Cal.Rptr. 588]; *Toole* v. *Richardson-Merrell Inc.*, *supra*, 251 Cal.App.2d 689, 711.)

■ As pointed out, although the Bank was liable in damages for the conversion of Henderson's automobile, it is now established as the law of the case that the Bank neither authorized, nor ratified, the unlawful act of its repossessor upon which the cause of action for conversion was based. Under the foregoing authority it becomes manifest that there was no "evidence of a substantial nature" supportive of the jury's exemplary damage award.

No merit is seen in Henderson's contention that other conduct of the Bank disclosed its "malice" toward him, and thus supported the exemplary damage award.

■ It is patent that such "malice" as will support an exemplary damage award must directly attend the subject of the cause of action upon which the claim for such damages is based. ■ Here, as pointed out, the act of conversion relied upon was without the authority or ratification of the Bank. But we nevertheless consider the remaining contentions of Henderson.

Long before the claimed conversion, Henderson had suffered the insurance on the vehicle to lapse, thus establishing his default on the agreement with the Bank. Additionally, his monthly payments were nearly always delinquent, contrary to the agreement. The Bank had twice repossessed the automobile; the first occasion was about a year before that which was the subject of the conversion cause of action. Following the earlier repossession, Henderson had pursued the car and, finding it briefly unattended at the curb near the repossessor's place of business, recaptured the car and returned it to his garage. After the second repossession Henderson went to the Bank of America, stating that he wished to buy a certain repossessed automobile from the Bank, and seeking its financing. He did not explain that he was the person from whom the car had been repossessed. That bank agreed and gave him a

cashier's check for the "purchase price" payable to the Bank. Upon delivery of the check by Henderson to the Bank for payment of the amount due under his contract, a bank officer, according to banking practice, telephoned the Bank of America stating that the check had been presented to redeem Henderson's repossessed automobile, and asking if "they plan to honor it." Contrary to Henderson's contention the telephone call manifested no "malice." Nor did "malice" attend, in response to the Bank of America's questions, the Bank official's answers that Henderson had been "seriously delinquent" and that he had "stolen" the car back from its first repossession; the answers were substantially true and believed to be true, for according to the agreement the Bank had title to, and the right to possession of, the vehicle at the time it was retaken by Henderson. Nor did "malice" attend the Bank's refusal to then accept the check (it was returned to Henderson), for it had been instructed not to do so by the Bank of America. Nor does "malice" appear from the Bank's decision not to have further negotiations or dealings with Henderson, for at that point, according to the agreement and as believed by the Bank, Henderson no longer had any claim or right to, or title or interest in, the vehicle.

For the above noted several reasons we hold that, as a matter of law, the evidence at the trial was insufficient to support any jury award of exemplary damages against the Bank.

The judgment notwithstanding the verdict will accordingly be affirmed insofar as it denies exemplary damages, and reversed insofar as it denies compensatory damages.

■ On Henderson's appeal from the order granting a new trial we find the order invalid for the trial court's failure, within 10 days after filing such order, to prepare, sign and file its specification of reasons therefor with the clerk. (See Code Civ. Proc., § 657; *La Manna* p. *Stewart,* 13 Cal.3d 413, 418-419 [118 Cal.Rptr. 761, 530 P.2d 1073]; *Treber* v. *Superior Court,* 68 Cal.2d 128, 134-135 [65 Cal.Rptr. 330, 436 P.2d 330].)

The superior court will modify the "judgment of non-suit and judgment notwithstanding the verdict" in such a manner as to conform reasonably to the views we have expressed; as so modified the "judgment of non-suit and judgment notwithstanding the verdict" is affirmed. The cross-appeal from the judgment based on the jury's verdict is dismissed, that judgment having been superseded by the "judgment of non-suit and

judgment notwithstanding the verdict." The order granting a new trial is reversed. The parties will bear their respective costs of appeal.

Sims, Acting P. J., and Weinberger, J.,* concurred.

The petition of the plaintiff and appellant for a hearing by the Supreme Court was denied October 20, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.