Troy MALONEY; et al., Plaintiffs–Appellants,

v.

SCOTTSDALE INSURANCE COMPANY, Defendant–Appellee.

No. 05–16686.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Nov. 14, 2007.

Alan M. Laskin, Esq., Law Offices of Alan M. Laskin, Sacramento, CA, for Plaintiffs–Appellants.

Selman Breitman, LLP, San Francisco, CA, for Defendant–Appellee.

Before: GIBSON *, BERZON, and BEA, Circuit Judges.

**AMENDED MEMORANDUM**\*\*

Troy Maloney, Elizabeth Gorman, and Colby Worton appeal an order granting Scottsdale Insurance Company's motion to dismiss without leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Appellants contend Scottsdale Insurance breached both its insurance contract with Gorman and the implied covenant of good faith and fair dealing; the district court held the assault and battery exclusion in Gorman's homeowners insurance policy precluded coverage for the third party complaint underly-

---

\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing this litigation. The instant complaint was originally filed in California state court and was removed to federal district court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the dismissal of the complaint, but reverse and remand to the district court to grant Maloney leave to amend. Because the facts are known to the parties, we revisit them only as necessary.

We review *de novo* the district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). We accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs. *Id.* To survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, — U.S. ——, 127 S.Ct. 1955, 1960, 1974, 167 L.Ed.2d 929 (2007).

■ The instant complaint contains inconsistent factual allegations. Paragraph 9 of the complaint alleges Maloney's "negligent and careless conduct" injured Worton. Paragraph 7 of the complaint, however, alleges, "Troy Maloney, using imperfect self-defense, struck plaintiff Colby Worton, a minor, in the face...." Under California law, the characterization of Maloney's actions as "imperfect self-defense" necessarily means that Maloney

committed an assault and battery.[1] *See People v. Quintero,* 135 Cal.App.4th 1152, 1166, 37 Cal.Rptr.3d 884 (2006) (describing imperfect self-defense as "the actual but *unreasonable* belief in the necessity to defend against imminent peril to life or great bodily injury.") (emphasis added); *McAfee v. Ricker,* 195 Cal.App.2d 630, 635, 15 Cal.Rptr. 920 (1961) (holding that if an unreasonable application of force is used in self-defense, "such force will itself constitute an assault and battery[.]"). Thus, the allegation of imperfect self-defense necessarily states a mistaken, but intentional, act of striking another, and is fundamentally inconsistent with the allegation that Maloney's touching of Worton was merely negligent and careless.[2]

■ The Federal Rules of Civil Procedure allow parties to plead inconsistent factual allegations in the alternative. *See* Fed.R.Civ.P. 8(e)(2). The inconsistent allegations in the instant complaint, however, were not pleaded in the alternative; they were expressly incorporated into each cause of action. Thus, the allegation of imperfect self-defense constitutes a judicial admission by appellants. *See generally Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988) (holding factual assertions in the pleadings constitute judicial admissions, binding on both the trial court and on appeal). Because the admission that Maloney acted in imperfect self-defense necessarily means Maloney committed an assault and battery, Scottsdale Insurance was under no duty to de-

1. In this diversity action, the court must apply the substantive law of California. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir.1996).

2. Because of these inconsistent factual allegations—contained in the same cause of action—Scottsdale Insurance could have filed a successful demurrer to appellants' complaint under California state law. *See* Cal.Civ.Proc.

Code § 430.10; *Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1390, 272 Cal.Rptr. 387 (1990). Because this case was removed to federal court on diversity grounds, however, federal procedural law governs. *See, e.g., Rodriguez v. Panayiotou,* 314 F.3d 979 (9th Cir.2002) (applying Rule 12(b)(6) to action removed from state court).

fend Maloney and Gorman in the underlying action; coverage under Gorman's homeowners policy was precluded by the assault and battery exclusion.[3] Thus, the complaint failed to state a claim upon which relief could be granted, and the district court properly dismissed the complaint under Rule 12(b)(6).

■ The district court erred, however, in not granting appellants leave to amend. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper,* 298 F.3d at 898 (internal quotation omitted). When a complaint containing a judicial admission is amended, the information admitted in the original complaint is no longer conclusively established. *See Huey v. Honeywell, Inc.,* 82 F.3d 327, 333 (9th Cir.1996) ("When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission . . . ."). If the instant complaint were amended to remove allegations of imperfect self-defense, the amended complaint could state a valid claim.

An insurance carrier must defend its insured in any suit "which *potentially* seeks damages within the coverage of the policy." *Montrose,* 24 Cal.Rptr.2d 467, 861 P.2d at 1157 (emphasis in original). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Id.* Information extrinsic to the underlying complaint can negate the duty to defend only if it presents "undisputed facts which conclusively eliminate a potential for liability [under the policy]." *Id.* at 1160 (internal quotations omitted).

■ In the instant case, the original complaint against Maloney alleged causes of action for both negligence and intentional torts.[4] The negligence claim stated, "Defendant Troy Maloney, without exercising due care, negligently reached out with his arm and hand, striking Plaintiff in the face . . . ." This negligence claim did not, on its face, conclusively establish an assault and battery took place; Maloney could have accidentally struck Worton in a manner not constituting an assault and battery. Before Scottsdale Insurance withdrew its defense, it was informed by the police that the police investigation had concluded Maloney struck Worton intentionally, and Maloney was being charged with aggravated assault. Absent additional information, however, the results of the police investigation did not constitute "*undisputed* facts which conclusively eliminate[d] a potential for liability," as required to negate Scottsdale Insurance's duty to defend. *Montrose,* 861 P.2d at 1160 (emphasis added). Thus, based on

---

3. Judicial admissions apply only to factual statements, not statements of law. *See Lacelaw,* 861 F.2d at 226. Even if the characterization of Maloney's use of force as unreasonable is construed as a legal conclusion, however, the claim of imperfect self-defense nevertheless establishes as a factual matter that Maloney did not inadvertently strike Worton; he instead struck him intentionally in an attempt to defend himself. Under this scenario, Maloney could only have been found liable to Worton if his actions constituted an assault and battery, in which case coverage would have been precluded under the policy's assault and battery exclusion.

Thus, because Worton's complaint did not "*potentially* seek[ ] damages within the coverage of the policy[,]" Scottsdale Insurance did not owe a duty to defend. *Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993) (emphasis in original) (quotation omitted).

4. California law permits plaintiffs to plead alternative, inconsistent causes of action in the same complaint. *See Grudt v. City of Los Angeles,* 2 Cal.3d 575, 86 Cal.Rptr. 465, 468 P.2d 825, 830 (1970).

the information in the record before us (that was available to Scottsdale Insurance when it withdrew its defense), it is possible—albeit unlikely—that Maloney negligently struck Worton without committing an assault and battery, and Scottsdale Insurance breached its insurance contract with Gorman by withdrawing its defense in the underlying litigation. "[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Twombly,* 127 S.Ct. at 1965 (internal quotation omitted). Because the instant complaint could have been saved by amendment, the district court should have granted appellants leave to amend.

■ The district court concluded that under California law, the assault and battery exclusion in Gorman's homeowners insurance policy "applies no matter how the underlying incident is denominated—whether or not it occurred as a result of Maloney's intentional act, *his negligence,* or conduct on Worton's part which caused Maloney to act in self defense." (emphasis added). California's interpretation of assault and battery exclusions, however, is not so broad. While the cases the district court cited hold application of the assault and battery exclusion does not necessarily hinge on the insured's conduct or intent, they uniformly require that *someone* commit an assault or battery for the exclusion to apply. *See Century Transit v. Am. Empire Surplus Lines Ins. Co.,* 42 Cal. App.4th 121, 127, 49 Cal.Rptr.2d 567 (1996) ("The assault and battery clause unambiguously excludes coverage when a claim is causally related to an assault or battery."); *see also Essex Ins. Co. v. Yi,* 795 F.Supp. 319, 323–24 (N.D.Cal.1992); *Zelda, Inc. v. Northland Ins. Co.,* 56 Cal.App.4th 1252, 1262, 66 Cal.Rptr.2d 356 (1997). There is no allegation that Worton assaulted Maloney. Thus, if Maloney struck Worton negligently, and did not commit an assault or

battery, the assault and battery exclusion did not preclude coverage, and Scottsdale Insurance owed Gorman and Maloney a duty to defend in the underlying litigation. We therefore affirm the dismissal of the complaint, but reverse and remand to the district court to grant Maloney leave to amend.

Finally, given the nature of the admission in the instant complaint, we remind appellants of the availability of Rule 11 sanctions should an amended complaint containing factual allegations without sufficient evidentiary support be filed. *See* Fed.R.Civ.P. 11.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

Each party shall bear its own costs.